UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY HALPRIN, ET AL.[1], | § | |
| | § | |
| Plaintiffs, | § | C.A. NO. 5:13-cv-01042-RP |
| v. | § | |
| | § | |
| FEDERAL DEPOSIT INSURANCE | § | |
| CORPORATION, AS RECEIVER FOR | § | |
| FIRST NATIONAL BANK, ET AL.,[2] | § | |
| | § | |
| Defendants. | § | |

## SIXTH AMENDED COMPLAINT

Plaintiffs, Joseph Amelio, Tawny Amelio, Edward Arriola, Kennie Arriola, Adolfo Bejarano, Mauricio Bejarano, Silvio Brigliadoro, Maria R. Collins, David Goldberg, Gregory Halprin, George Heywood, Denise Heywood, Kristopher Hochart, Gohar Karahagopian, Hagop Karahagopian, Hermann Kinschner, Les Klingermann, Ben Li, Lin Li, Michael Loeffler, Irina Minkov, Mikail Minkov, Andrew V. Nguyen, Simon Parrott, Melissa Parrott, Stan Salah, Brian Taus, David Trustey, Kevin Trustey, Patricia Trustey, Michael Trustey, Michael Vick and Desiree Young (hereinafter "the Plaintiffs") for their Sixth Amended Complaint against the Defendants, Federal Deposit Insurance Corporation, as Receiver for First National Bank, Mike Maldonado, in his official capacity with First National Bank, Padilla Property Corporation, Maria Del Rosario Padilla, Mauro T. Padilla, Mauro Joe Padilla, Carlos Miguel Padilla, Fidelity National Title Insurance Company, formerly known as Land America Lawyers Title of San Antonio, Dan Brown, individually and in his former capacity with LandAmerica Lawyers Title, Eric Sherer, Robert

---

[1] Mr. Carlos I. Uresti was inadvertently listed on the docket as a Plaintiff in this case. Mr. Uresti is not a Plaintiff in this case; although he does represent several of the Plaintiffs as one of their attorneys.
[2] Mr. Eric Sherer, has been identified in the header of all prior pleadings as being a Defendant in his capacity as Trustee; however, the body of all prior pleadings refer to Mr. Sherer in his personal capacity and have no relation to his position as deed of trust's Trustee.

Gandy, David Rogers, Michael McCarthy, in their official capacity with First National Bank, allege and state as follows:

<u>JURISDICTION AND VENUE</u>

1.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1446, Claims against the United States, as the Federal Deposit Insurance Company (herein after "FDIC") is a named Defendant as the Receiver for First National Bank of Edinburg (hereinafter "FNB") and 12 U.S.C. § 1819(b)(2)(B), deeming any case in which the FDIC is a party to arise under the laws of the United States.

2.    Venue is proper in this Court as it is the United States District Court for the District and division embracing the place where the State Court Action was pending prior to the FDIC's removal of the case.  *See*, 28 U.S.C. 1441(a).

<u>PARTIES</u>

3.    Plaintiffs represented by the Stokes Law Office are as follows:

  a.  Plaintiffs, Joseph and Tawny Amelio are individuals who have an address at 5195 Redwood Retreat, Gilroy, California 95020.

  b.  Plaintiff, Edward Arriola is an individual who has an address at 220 E Spring Sky Street, Tucson, Arizona 85737.

  c.  Plaintiff, Kennie Arriola is an individual who has an address at 14 Duquesa, Dana Point, California 92629.

  d.  Plaintiffs, Adolfo and Mauricio Bejarano are individuals who have an address at 16311 Ventura Boulevard, Suite 1210, Encino, California 91436.

  e.  Plaintiff, Silvio Brigliadoro is an individual who has an address at 5431 Syloft Drive, Riverside, California 92509.

f.  Plaintiff, Maria R. Collins is an individual who has an address at 21714 Anza, Torrance, California 90503.

g.  Plaintiff, David Goldberg is an individual who has an address at 4243 W Sara Street, Burbank, California 91505.

h.  Plaintiff, Gregory Halprin is an individual who has an address at13122 Cortina, Tustin, California 92782.

i.  Plaintiffs, George and Denise Heywood are individuals who have an address at, 7421 Enfield Avenue, Reseda, California 91335.

j.  Plaintiff, Kristopher Hochart is an individual who has an address at 16719 Huebner Road, Suite 201, San Antonio, Texas 78248.

k.  Plaintiffs, Gohar and Hagop Karahagopian are individuals who have an address at 840 Patterson Avenue, Glendale, California 91202.

l.  Plaintiff, Hermann Kinschner is an individual who has an address at 3 Cosenza, Laguna Niguel, California 92627.

m. Plaintiff, Les Klingermann is an individual who has an address at PO Box 5153, Newport Beach, California 92662.

n.  Plaintiffs, Ben and Lin Li are individuals who have an address at 19362 Baywater Lane, Huntington Beach, CA 92646.

o.  Plaintiff, Michael Loeffler is an individual who has an address at 1686 Ebbets Drive, Campbell, California 95008.

p.  Plaintiffs, Irina Minkova and Mikail Minkov are individual representatives of the Minkov family trust who have an address 1301 17th Street, Santa Monica, California, 90404.

q.  Plaintiff, Andrew V. Nguyen is an individual who has an address at 7226 Elysse Street, Eastvale, California 92880.

r.  Plaintiffs, Simon and Melissa Parrott are individuals who have an address 10048 Cascade Falls, Reno, Nevada 89521.

s.  Plaintiff, Stan Salah is an individual who has an address at 3088 Delta Rd, San Jose, CA 95135.

t.  Plaintiff, Brian Taus is an individual who has an address at 2608 Canto Rompeolas, San Clemente, California 92673-6419.

u.  Plaintiffs, David, Kevin, Patricia and Michael Trustey are individuals who have an address 1056 Park Lane East, Franklin Square, New York 11010.

v.  Plaintiff, Michael Vick is an individual who has an address at 2409 Thousand Oaks Drive, San Antonio, Texas 78232-3206.

w.  Plaintiff, Desiree Young is an individual who has an address at 920 Alta Avenue, Santa Monica, California 90402.

4.  To the best of the Plaintiffs knowledge and belief, Defendants are as follows:

a.  Defendant, FDIC, an agency of the United States Government, maybe contacted through its attorney of record, Boyd Mouse, Kane, Russell, Coleman and Logan PC, 1601 Elm Street, Dallas, Texas, 75201, who has already made an appearance in this case.

b.  Defendants, Maria De Rosario Padilla, Carlos Miguel Padilla and Mauro Joe Padilla are *pro se* Defendants who have a shared address at 10526 Tiger Way, San Antonio, Texas 78257.

c.  Defendant, Mario Padilla is a *pro se* Defendant who has an address of #52315-280, Federal Satellite Low La Tuna, P.O. Box 6000, Anthony, NM 88021.

d.  Defendant, Dan Brown, has an address at 14350 Northbrook Drive, Suite 150, San Antonio, Texas 78232.

e.  Defendant, Mike Maldonado, may be contacted through his attorney of record, Warren Weir, 726 Patricia, San Antonio, Texas 78216, who had already made an appearance in this case.

f.  Defendants, Michael McCarthy, Robert Gandy and David Rodgers may be contacted through their attorney of record, Larry A. Matthys, 8700 Crownhill Blvd, Suite 600, San Antonio, Texas 78209, who has already made an appearance in this case.

g.  Defendant, Eric Sherer, is an individual with and address of Sherer and Crow, PLLC, 11120 Wurzbach Road, Suite 300, San Antonio, Texas 78230.

h.  Defendant, Padilla Property Corporation is a corporation that is incorporated under the laws of the State of Texas and may be contacted through its counsel of record, Adam Cortez, 12758 Cimarron Path, Suite 118, San Antonio, Texas, 78249, who has already made an appearance in this case.

i.  Fidelity National Title Insurance Company f/k/a Land America Lawyers Title of San Antonio maybe contacted through its attorney of record, Melodee L. Gruber, Jackson Walker LLP, 112 E. Pecan Street, Suite 2400, San Antonio, Texas 78205, who has already made an appearance in this case.

j.  Horizon-HTG Property Management, LLC is a corporation incorporated under the laws of the state of Nevada may be contacted through their attorney of

record, Ramiro Estrada, Jr., 1919 San Pedro, San Antonio, Texas 78212, who has already made an appearance in this case.

<u>GENERAL ALLEGATIONS</u>

5.     The Plaintiffs entered into individual agreements to purchase various lots on which one or more multi-family living units would be built (the multi-family living units with the associated lots together herein after the "units") from Defendants, HTG Real Property Management, Padilla Property Corp., Mauro T. Padilla, Maria Del Rosario Padilla, Mauro Joe Padilla, and/or Carlos Miguel Padilla (herein after the "Padilla Defendants").  By contractual commitment the above mentioned Defendants, through their various entities contracted and agreed to construct, in a timely fashion, the multi-family units. Defendants Mauro T. Padilla, Maria Del Rosario Padilla, Carlos Miguel Padilla, and/or Mauro Joe Padilla (referred herein as the "Padillas") at all pertinent times were believed to have owned, controlled, and operated HTG Real Property Management, Inc., Padilla Property Corporation, as well as other known non Defendant subsidiaries of these corporations.

6.     The Plaintiffs agreed to purchase lots and multi-family dwellings from the Padilla Defendants.  Plaintiffs signed valid written contracts with the Padilla Defendants and provided Defendant Fidelity National Title Insurance Company f/k/a Land America Lawyers Title of San Antonio (herein after "Land America Title"), through Defendant Dan Brown, with the down payment required per the contracts.  In turn, the Padilla Defendants deeded half (1/2) acre lots to the Plaintiffs.

7.     After construction began the Padillas asked the Plaintiffs to deed their lots back to the Padilla Defendants in order to obtain construction financing and for the Plaintiffs to agree to subrogate their claims to those of the construction lender.  The subrogation agreements were

made at the request of the bank financing the construction loan, FNB. The Padilla Defendants made the material representation that the Plaintiffs should deed over their lots to the Padilla Defendants so that the Defendants could obtain construction financing, and that the Defendants would use that money to complete construction. The Padillas instead used those funds to pay personnel and/or corporate debt.

8.      As stated in the pleadings, this case began in about 2005 when the Plaintiffs began entering into contracts to purchase individual lots and multi-family units from the Padilla Defendants at various parcels of land located throughout the city of San Antonio. As to the terms of the contract, Plaintiffs forwarded 20 percent of the purchase price as down payment to Land America Title, which was subsequently released to various Padilla Defendants. Land America Title through its employees, agents and representatives, specifically but not limited to Dan Brown, Kellie Mitchell, Roxanne White and Monica Rodriguez, improperly failed to disclose and notify the Plaintiffs of conflicts of interests, self-dealing, defects in legal description, and improper transfer of clear title. All of this information was at all times available and accessible to Land America Title. At all times, when the interim financing was being negotiated and the title documents were being drawn up, there were conflicting property descriptions as the properties were not properly platted. Meaning many of the lots were sold with improper descriptions which throughout the duration of this litigation has not been resolved.

9.      Land America Title handled the title and deed transactions regarding these properties. Upon receipt of the down payments Land America Title effectuated the transfer of the lots from the Padilla Defendants to the Plaintiffs and then back to the Padilla Defendants despite the failure to comply with the bare basics for such transfers, such as verifying a plat of

the lots was on file, further sales contracts contained the names of the parties or establishment of clear title, had not been verified and/or accomplished.

10.    In closing these transactions, the services of Dan Brown as a fee attorney[3] were generally used by the parties.

11.    Mr. Brown and Land America Title required all parties to sign hold harmless agreements.

12.    FNB, as represented by its Receiver, FDIC and by and through its employees and representatives, Mike Maldonado, Michael McCarthy, David Rogers, and Robert Gandy, provided construction financing for these properties and voluntarily assumed certain duties, including but not limited to, construction inspections of the progress of all projects associated with the Padilla Defendants.  FNB was aware that the Padillas were not applying a large percentage of the construction draws to the property for which they were allotted.  FNB benefited from these construction draws because the Padillas used those funds to pay other personal and corporate loans due and owing to FNB.

13.    The units remain incomplete and are not ready for occupancy at the time of filing this Complaint.

<u>FIRST CAUSE OF ACTION</u>
BREACH OF CONTRACT

14.    This is an action against the Padilla Defendants for breach of contract.

15.    The Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

---

[3] In Texas, Fee Attorney is the standard term used to refer to a lawyer who has entered into a contractual relationship with a title insurance company, or an agent of a title insurance company, to close real estate transactions on its behalf in exchange for a portion of the title premium.

16.     Between 2005 and 2009, the Plaintiffs entered into individual valid, enforceable contracts to purchase one or more lots to build multi-family living units from the Padilla Defendants and for the Padilla Defendants to construct such units.

17.     The Padillas offered for sale various lots on which they were to construct multi-family dwellings.  A price was set for each of these lots and the buildings to be constructed upon them.  The Plaintiffs accepted this offer.  The mutual assent of the Plaintiffs and Padilla Defendants is memorialized in the sales contracts which were executed by both parties and provided the basis for the title and deed transfers in this case.  The consideration supporting the contract was paid by the Plaintiffs to the Padilla Defendants in the form of the agreed upon down payment.

18.     The Plaintiffs are parties to the contract.

19.      The Plaintiffs fully performed their contractual obligations by providing the Padilla Defendants with the required down payment for each contract.

20.     The Padilla Defendants breached the contract by failing to perform their duty as required by the contract by completing the construction of the multi-family units.

21.     As a direct and proximate result of the Padilla Defendants breach of contract the Plaintiffs suffered financial injury including attorney's fees.

22.     All conditions precedent to the recovery of attorney's fees have been performed or have occurred.

SECOND CAUSE OF ACTION
DECEPTIVE TRADE PRACTICES ACT - THE PADILLA DEFENDANTS

23.     The Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 22 above as if fully set forth herein.

24.     This is an action against the Padilla Defendants for violations of the Deceptive Trade Practices Act (herein after "DTPA").

a.   The Plaintiffs are individuals who sought to acquire goods, real estate and homes, by purchase.  None of the Plaintiffs are business customers with more than $25 million in assets.

b.   Real estate and homes are goods.

c.   The Plaintiffs sought to acquire the lots by transfer of title.

d.   The Plaintiffs sought to acquire the homes pursuant to various contracts with the Padilla Defendants.

e.   The real estate was purchased when the title to the property was transferred to the Plaintiffs.

f.   The Padilla Defendants are individuals, partnerships, associations and/or other groups.  The Padilla Defendants are not professionals, publishers, medical providers, veterinarians or a city.

g.   The Padilla Defendants provided false information as to the status of the progress of the buildings as well as the procedures for gaining and receiving permits for various stages of construction in Bexar County.  The Padilla Defendants regularly represented to the Plaintiffs that work or services in furtherance of the construction of the multi-family homes had been performed in accordance of the contract when such work had not been performed.

h.   The Padilla Defendants took advantage of the Plaintiffs' lack of knowledge as to the building market in San Antonio, their inability to judge proper construction progress

and their inability to be physically present in San Antonio to an unfair degree.  The

Padillas unfairness was glaringly noticeable, flagrant and completely unmitigated.

25.    As a direct and proximate cause and result of the wrongful acts of the Padilla

Defendants, as alleged above, Plaintiffs have suffered financial injury including attorney's fees.

<u>THIRD CAUSE OF ACTION</u>
DECEPTIVE TRADE PRACTICES ACT - LAND AMERICA TITLE AND DAN BROWN

26.    The Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 25

above as if fully set forth herein.

27.    This action is against Land America Title and Dan Brown for violations of the

DTPA.

    a.    The Land America Title and Dan Brown are "persons" who used unconscionable

conduct in connection with the Plaintiffs purchase of services.

    b.    The Plaintiffs are individuals who sought to acquire the services of Land America

Title and Dan Brown, by purchase.  None of the Plaintiffs are business customers

with more than $25 million in assets.

    c.    The Plaintiffs sought the services of Land America Title and Dan Brown not only to

procure title insurance, but also to properly handle the closing of the properties.

    d.    The title company was paid a closing fee and Dan Brown was compensated as the

fee attorney.

    e.    Land America Title and Dan Brown are individuals, partnerships, associations

and/or other groups.  Land America Title and Dan Brown are not professionals,

publishers, medical providers, veterinarians or a city.  This cause of action is brought

against Dan Brown as an employee of Land America Title in his capacity as an

escrow agent.

f.  Land America Title did not properly handle the closing of the properties as sought by the Plaintiffs.  If the Plaintiffs had been aware of the issues discovered by Land America Title during the closing process they would not have continued the closing process.

g.  Land America Title and Dan Brown took advantage of the Plaintiff's lack of knowledge and access to the necessary research tools to be able to properly transfer title.  Land America Title and Dan Brown's unfairness was glaringly noticeable, flagrant and completely unmitigated.

h.  Land America Title and Dan Brown were unjustly enriched by their actions at the cost of the Plaintiffs.  Had Land America Title and Dan Brown notified the Plaintiffs of the basic issues with the title packages, the Plaintiffs would not have continued with the purchase contracts and Land America Title and Dan Brown would not have received the extensive business these developments eventually brought to them.

i.  Land America Title, its trustee and its employees and representatives, including but not limited to Dan Brown, are "persons" who used false, misleading and/or deceptive acts in connection with the Plaintiffs purchase of services.  Land America Title took advantage of the Plaintiff's lack of knowledge and capacity to a grossly unfair degree when it transferred title to the properties and funds from the Plaintiffs to the Padilla Defendants when they were fully aware that even the minimal requirements for such a transfer, such as filing of plot maps of each lot with County, had not occurred as required to the detriment of the Plaintiffs.

28.     As a direct and proximate cause and result of the wrongful acts of the Land America Title and Dan Brown, jointly and severally, as alleged above, Plaintiffs have suffered financial injury including attorney's fees.

FOURTH CAUSE OF ACTION
BREACH OF FIDUCIARY DUTY – THE PADILLA DEFENDANTS

29.     The Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 28 above as if fully set forth herein.

30.     This action is brought against the Padilla Defendants for breach of fiduciary duty.

31.     The Padilla Defendants had a fiduciary duty to the Plaintiffs both contractually and as partners in a joint venture.

32.     The Padilla defendants failed in all their fiduciary duties to the Plaintiffs.

    i.   They failed in their duty of loyalty and utmost good faith when they placed the property in their own names as opposed to the name of the joint venture.

    ii.  They failed in their duty of candor, full disclosure on all matters affecting the partnership and fair and honest dealing when they provided false reports to the Plaintiffs as to the status of the construction efforts.

    iii. They failed in their duty to refrain from self-dealing and their duty of loyalty to the joint concern when they used constructions funds to pay personal debts while the construction project lay dormant.

    All of these actions are failures to act with integrity of the strictest kind.

33.     The Padilla Defendants unfairly benefited from receiving the down payments of the Plaintiffs and not completing or in some cases not starting the multifamily units they were contracted to build.

34.    A presumption of unfairness arises when only one fiduciary in a transaction benefits from that transaction such as only the Padilla Defendants benefited in these transactions.

35.    As a direct and proximate cause and result of the breach of fiduciary duty of the Padilla Defendants, the Plaintiffs have suffered financial injury.

FIFTH CAUSE OF ACTION<br>BREACH OF FIDUCIARY DUTY – LAND AMERICA TITLE<br>AND DAN BROWN

36.    The Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 35 above as if fully set forth herein.

37.    This is an action against Dan Brown and Land America Title for breach of fiduciary duty.

38.    Dan Brown owed a fiduciary duty to the Plaintiffs as an escrow agent.  These duties are also the duties of Land America title as Mr. Brown is an employee of Land America Title.

39.    Mr. Brown failed in his duty to exercise a high degree of care to conserve the escrow funds and pay them only to those entitled to receive them.

40.    Mr. Brown was aware that the Padilla Defendants had not completed the required items for title transfer, such as filing a plat of the subdivisions with the county; however, he continually released escrow funds to the Padilla Defendants.

41.    Mr. Brown benefited from this action as he was well aware that if he did release the escrow funds on these properties, he would not receive the continual business that came from the Padilla Defendants.

42.    As a direct and proximate cause and result of the breach of fiduciary duty, the Plaintiffs have suffered financial injury and Mr. Brown and Land America received additional funds thorough fees.

## SIXTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY – ERIC SHERER

43.     The Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 42 above as if fully set forth herein.

44.     This is an action against Eric Sherer for breach of fiduciary duty.

45.     Eric Sherer owed a fiduciary duty to the Plaintiffs as their attorney and then their partner in a joint venture.

46.     Mr. Sherer served as attorney for some of the Plaintiffs in this case.  Mr. Sherer breached his fiduciary duty to his clients when he failed to timely inform them of this prior relationship with FNB and the potential conflicts that could arise from representing both the client Plaintiffs and FNB.

47.     Mr. Sherer became a partner in the joint venture when he attempted to establish and ad hoc Home Owners Association to direct the decisions as to the common areas of the developments and began working with independent contractors to finish the project.

48.     Mr. Sherer's actions benefited his client FNB to the determent of his Plaintiff clients.

49.     As a direct and proximate cause and result of the breach of fiduciary duty, the client Plaintiffs have suffered financial injury and received additional funds thorough fees.

## SEVENTH CAUSE OF ACTION
## COMMON LAW FRAUD – THE PADILLA DEFENDANTS

50.     The Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 49 above as if fully set forth herein.

51.     This cause of action is brought against the Padilla Defendants for common law fraud.

52.    During the course of these transactions the Padilla Defendants made numerous false statements of fact as to the progress of the construction of the multifamily homes and false promises as to their future actions to induce the Plaintiffs to enter into the contracts as well as transfer the property back to the Padilla Defendants and subrogate their claims to FNB.

53.    These claims were made to various Plaintiffs but were specifically made to Plaintiff, Kennie Arriola who served as a communications liaison for the Plaintiff group.

54.    The Plaintiffs suffered financial injury because of their reliance on the Padilla Defendants false representations and promises.

55.    These false representations and promises were material as the Plaintiffs would not have continued investing in the properties without such representations and promises and certainly would not have transferred the property back to the Padilla Defendants.

56.    The Padilla Defendants made these false representations and promises knowingly.

57.    The Padilla Defendants intended for the Plaintiffs to rely on these representations and promises.

58.    The Plaintiffs relied on the Padilla Defendants false representations and false promises.

59.    Due to the Plaintiffs reliance of the Padilla Defendants false representations and promises the Plaintiffs suffered economic and pecuniary injury.

<u>EIGHTH CAUSE OF ACTION</u>
STATUTORY FRAUD – THE PADILLA DEFENDANTS

60.    The Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 59 above as if fully set forth herein.

61.    This cause of action is brought against the Padilla Defendants for Statutory Fraud under Texas Business and Commerce Code §27.01.

62.     All transactions between the Padilla Defendants and the Plaintiffs were real estate transactions.

63.     During the course of these transactions the Padilla Defendants made numerous false statements of fact, as to the progress of the construction of the multifamily homes and false promises as to their future actions, as to the transfer of title, to induce the Plaintiffs to enter into the contracts as well as transfer the property back to the Padilla Defendants and subrogate their claims to FNB.

64.     These claims were made to various Plaintiffs but were specifically made to Plaintiff, Kennie Arriola who served as a communications liaison for the Plaintiff group.

65.     The Plaintiffs suffered financial injury because of their reliance on the Padilla Defendants false representations and promises.

66.     These false representations and promises were material as the Plaintiffs would not have continued investing in the properties without such representations and promises and certainly would not have transferred the property back to the Padilla Defendants.

67.     The Padilla Defendants made these false representations and promises knowingly.

68.     The Padilla Defendants intended for the Plaintiffs to rely on these representations and promises in order for them to enter into the various contracts surrounding these real estate transactions.

69.     The Plaintiffs relied on the Padilla Defendants false representations and false promises.

70.     Due to the Plaintiffs reliance of the Padilla Defendants false representations and promises the Plaintiffs suffered economic and pecuniary injury.

NINTH CAUSE OF ACTION
STATUTORY FRAUD – LAND AMERICA TITLE

71.     The Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 70 above as if fully set forth herein.

72.     This cause of action is brought against the Land America Title for Statutory Fraud under Texas Business and Commerce Code §27.01.

73.     All transactions between Land America Title and the Plaintiffs were real estate transactions.

74.     Land America Title benefited by not disclosing that the Padilla Defendants claims were false.

   a.  Land America Title was actually aware that the Padilla Defendants had not fulfilled their requirements to effectuate the contract for transfers of title.  For example, Land America Title was aware the Padilla Defendants had not properly platted the development as was required for title of the land to transfer to the Plaintiffs, although they were being paid to effectuate such transfers.

   b.  Land America Title did not disclose to the Plaintiffs that the Padilla Defendants had made false representations as to their progress on the development.

   c.  Land America title benefited from the false representation.  Had Land America Title notified the Plaintiffs of the Padilla Defendants' false representation, Land America Title would not have received the continuing and extensive business and fees that came with supporting the various Padilla developments.

75.     During the course of these transactions the Padilla Defendants made numerous false statements of fact, as to the progress of the construction of the multi-family homes and false promises as to their future actions, such as to the transfer of title between the Padilla entities, to

induce the Plaintiffs to enter into the contracts as well as transfer the property back to the Padilla Defendants and subrogate their claims to FNB.

76.     These claims were made to various Plaintiffs but were specifically made to Plaintiff, Kennie Arriola, who served as a communications liaison for the Plaintiffs' group.

77.     The Plaintiffs suffered financial injury because of their reliance on the Padilla Defendants false representations and promises and Land America Title's failure to disclose such representations.

78.     These false representations and promises were material as the Plaintiffs would not have continued investing in the properties without such representations and promises and certainly would not have transferred the property back to the Padilla Defendants.

79.     The Padilla Defendants made these false representations and promises knowingly.

80.     The Padilla Defendants intended for the Plaintiffs to rely on these representations and promises in order for them to enter into the various contracts surrounding these real estate transactions.

81.     The Plaintiffs relied on the Padilla Defendants false representations and false promises.

82.     Due to the Plaintiffs reliance on the Padilla Defendants false representations and promises and Land America Titles failure to disclose the falsehood of such representations the Plaintiffs suffered economic and pecuniary injury.

<u>TENTH CAUSE OF ACTION</u>
NEGLIGENCE

83.     This action is against Land America Title for negligence.

84.     The Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 83 above as if fully set forth herein.

85.     Land America Title through its employee, Dan Brown, had a legal duty of fair dealing with the Plaintiff; as well as, common law duties to know if its representations are true and use ordinary care in closing real estate transactions.

86.     Land America Title breached the duty of ordinary care by allowing the transfer of property between the Plaintiffs and the Padilla Defendants.

87.     Had the Plaintiffs been aware that the requirements of transfer were not complete, the title transfers would not have occurred and the Padilla Defendants would not have received any of the Plaintiffs' funds.

88.     But for the actions of Land America Title negligently failing to notify the Plaintiffs of the issues with transferring the titles from the Padilla Defendants to the Plaintiffs, the injuries to the Plaintiffs would not have occurred.

89.     A person of ordinary intelligence should have anticipated the danger to the Plaintiffs created by Land America Title's negligent omissions.

90.     As a direct and proximate cause and result of Land America's negligence, the Plaintiffs have suffered actual damages, costs and attorney's fees.

ELEVENTH CAUSE OF ACTION<br>ASSISTING AND PARTICIPATING

91.     This action is against Land America Title for assisting and participating in the torts of the Padilla Defendants. *See*, *Premier Research Labs, LP v. Nurman*, 2014 U.S. Dist. LEXIS 31733 (W.D. Tex. 2014)

92.     The Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 91 above as if fully set forth herein.

93.     Defendant Land America Title assisted and participated in the Padilla Defendants' defrauding, using deceptive trade practices, and their breach of fiduciary duty against the Plaintiffs.

94.    Land America Title provided substantial assistance to the Padilla Defendants by allowing for various deed transfers, which would not otherwise be permitted, in the ordinary course of business.

95.    Land America Title's conduct breached its own fiduciary duty to the Plaintiffs, as described in the fifth cause of action above.

96.    The nature and amount of assistance provided by Land America Title to the Padilla Defendants shows Land America Title's substantial role in the Padilla Defendants' torts.    Had the Plaintiffs been aware that the required documents were not complete, the title transfers would not have occurred and the Padilla Defendants would not have received any of the Plaintiffs' funds and Land America Title would not have received its fees.    But for the actions of Land America Title to the Plaintiffs the injuries to the Plaintiffs would not have occurred.

97.    Land America Title benefited from assisting and participating in the Padilla Defendants' torts.    Had Land America Title notified the Plaintiffs of the Padilla Defendant's false representation, Land America Title would not have received the continuing and extensive business and fees that came with supporting the various Padilla developments.

## TWELFTH CAUSE OF ACTION
## ASSISTING AND ENCOURAGING

98.    This action is against FNB for assisting and encouraging the Padilla Defendants' torts against the Plaintiffs.    *See, Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996)

99.    The Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 98 above as if fully set forth herein.

100.    Defendants FNB assisted and encouraged the Padilla Defendants in their breach of contract, defrauding of, using deceptive trade practices, and breaching their fiduciary duty against Plaintiffs.

101.    The Padilla Defendants breached several duties owed to the Plaintiffs as listed in the First, Second, Fourth, Fifth, Seventh and Eighth causes of action stated above.

102.    FNB was aware from its role as the construction lender that that the Padilla Defendants actions constituted various torts.

103.    FNB benefited from the assisting and encouraging the Padilla Defendants and intended to do so.  FNB knew or should have known the Padilla Defendants were not making the needed progress on the developments.  It is standard practice for any construction loan holder to survey the progress of the construction prior to releasing any funds.  FNB's assistance and encouragement allowed for the release of construction funds designed to be used to fulfill the contracts with the Plaintiffs to be returned back to FNB by the Padilla Defendants to pay other outstanding loans in the name of the Padilla Defendants.

104.    The nature of the assistance provided to and relationship between the Padilla Defendants and FNB shows FNB's substantial role in the Padilla Defendants' torts.

<u>THIRTEENTH CAUSE OF ACTION</u>
CONSPIRACY

105.    This action is against LandAmerica Title, FNB and the Padilla Defendants for conspiracy.

106.    The Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 105 above as if fully set forth herein.

107.    Defendants Land America Title, FNB, Eric Sherer and the Padilla Defendants (together herein after the "Conspirators") conspired against the Plaintiffs.

108.    The object of the conspiracy was to defraud the Plaintiffs in order to provide the Conspirators with the greatest benefit and recovery from the failed developments.

109.    The Conspirators used the unlawful and overt acts of the deceptive trade practices of the Padilla Defendants and Land America, described in the second and third causes of action above, the breaches of fiduciary duty by the Padilla Defendants and Land America, as described in the fourth and fifth causes of action above and the statutory and common law frauds of the Padilla Defendants and Land America as described in the seventh, eighth and ninth causes of action above in furtherance of the conspiracy.

110.    The Conspirators had a meeting of the minds about the conspiracy.  In order to effectuate conspiracy Land America assisted with the not only re deeding the property back to the Padilla Defendants from the plaintiffs but assisted with the execution of the Plaintiffs subrogation agreements to the FNB security interest.  FNB required that the Padilla Defendants obtain title to the property and subrogation agreements from the Plaintiffs and the Padilla Defendants made false representations to the Plaintiffs as to why these agreements had to be accomplished and the title of the land had to be transferred back to them.

111.    These actions constitute an agreement of the Conspirators to the detriment of the Plaintiffs.

112.    Land America Title benefited from the conspiracy.  Had Land America Title notified the Plaintiffs of the Padilla Defendant's false representation, Land America Title would not have received the continuing and extensive business and fees that came with supporting the various Padilla developments.

113.    FNB benefited from the conspiracy.  FNB was well aware of the Padilla Defendants were not making the needed progress on the developments for the benefit of the Plaintiffs.  It is standard practice for any construction loan holder to survey the progress of the construction prior to releasing any funds.  FNB's participation in the conspiracy allowed for the release of

construction funds from to be returned back to FNB by the Padilla Defendants to pay other outstanding loans in the name of the Padilla Defendants.

114.    As a direct and proximate cause and result of the conspiracy, the Plaintiffs have suffered actual damages, costs and attorney's fees.

WHEREFORE, Plaintiff requests judgment against Defendants, as follows:

FIRST CAUSE OF ACTION
BREACH OF CONTRACT

1.    For actual damages, restitution damages, expectation interest, reasonable attorney's fees and costs; and

2.    For such other and further relief as the Court may deem just and proper.

SECOND CAUSE OF ACTION
DECEPTIVE TRADE PRACTICES-PADILLA DEFENDANTS

3.    For treble economic damages, actual damages, interest, reasonable attorney's fees and costs; and

4.    For such other and further relief as the Court may deem just and proper.

THIRD CAUSE OF ACTION
DECEPTIVE TRADE PRACTICES – LAND AMERICA TITLE AND DAN BROWN

5.    For treble economic damages, actual damages, interest, reasonable attorney's fees and costs; and

6.    For such other and further relief as the Court may deem just and proper.

FOURTH CAUSE OF ACTION
BREACH OF FIDUCIARY DUTY – THE PADILLA DEFENDANTS

7.    For actual and exemplary damages; interest, reasonable attorney's fees and costs; and

8.    For such other and further relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY – LAND AMERICA TITLE AND DAN BROWN

9.      For actual and exemplary damages; interest, reasonable attorney's fees and costs;

and

10.     For such other and further relief as the Court may deem just and proper.

## SIXTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY – ERIC SHERER

11.     For actual and exemplary damages; interest, reasonable attorney's fees and costs;

and

12.     For such other and further relief as the Court may deem just and proper.

## SEVENTH CAUSE OF ACTION
### COMMON LAW FRAUD

13.     For actual and exemplary damages; interest, reasonable attorney's fees and costs;

and

14.     For such other and further relief as the Court may deem just and proper.

## EIGHTH CAUSE OF ACTION
### STATUTORY FRAUD – THE PADILLA DEFENDANTS

15.     For actual and exemplary damages; interest, reasonable attorney's fees and costs;

and

16.     For such other and further relief as the Court may deem just and proper.

## NINTH CAUSE OF ACTION
### STATUTORY FRAUD – LAND AMERICA TITLE

17.     For actual and exemplary damages; interest, reasonable attorney's fees and costs;

and

18.     For such other and further relief as the Court may deem just and proper.

## TENTH CAUSE OF ACTION
### NEGLIGENCE

19.    For actual and exemplary damages; interest, reasonable attorney's fees and costs; and

20.    For such other and further relief as the Court may deem just and proper

## ELEVENTH CAUSE OF ACTION
### ASSISTING AND PARTICIPATING

21.    For treble economic damages, actual damages, interest, reasonable attorney's fees and costs; and

22.    For such other and further relief as the Court may deem just and proper.

## TWELFTH CAUSE OF ACTION
### ASSISTING AND ENCOURAGING

23.    For treble economic damages, actual damages, interest, reasonable attorney's fees and costs; and

24.    For such other and further relief as the Court may deem just and proper.

## THIRTEENTH CAUSE OF ACTION
### CONSPIRACY

25.    For actual and exemplary damages; interest, reasonable attorney's fees and costs; and

26.    For such other and further relief as the Court may deem just and proper

Dated: September 23, 2015.

Respectfully submitted,

By: /s/ Craig A. Stokes_____
      Craig A. Stokes – SBN 19267700
      Maurleen W. Cobb – SBN 24054377
      STOKES LAW OFFICE LLP
      3330 Oakwell Court, Suite 225
      San Antonio, TX 78218
      cstokes@stokeslawoffice.com
      mcobb@stokeslawoffice.com

Telephone (210) 804-0011
Facsimile (210) 822-2595

*Counsel for Plaintiffs Joseph Amelio, Tawny Amelio, Edward Arriola, Kennie Arriola, Adolfo Bejarano, Mauricio Bejarano, Silvio Brigliadoro, Maria R. Collins, David Goldberg, Gregory Halprin, George Heywood, Denise Heywood, Kristopher Hochart, Gohar Karahagopian, Hagop Karahagopian, Hermann Kinschner, Les Klingermann, Ben Li, Lin Li, Michael Loeffler, Irene Minkov, Mikail Minkov, Andrew V. Nguyen, Simon Parrott, Melissa Parrott, Stan Salah, Brian Taus, David Trustey, Patricia Trustey, Kevin Trustey, Michael Trustey, Michael Vick, Desiree Young*

## CERTIFICATE OF SERVICE

I, Craig A. Stokes , certify that I caused to be served the foregoing Sixth Amended Complaint upon all parties of record via operation of this court's CM/ECF, on this the 23rd day of September, 2015.  I further certify that a copy of the foregoing instrument was mailed via U.S. First Class Mail, postage prepaid to the following non-CM/ECF participants:

| | |
|---|---|
| Mauro T. Padilla III | Maria del Rosario Padilla |
| #52315-280 | Mauro Joe Padilla |
| Federal Satellite Low La Tuna | Carlos Miguel Padilla |
| P.O. Box 6000 | 10526 Tiger Way |
| Anthony, NM 88021 | San Antonio, TX 78257 |

Dan Brown
14350 Northbrook Drive, Suite 150
San Antonio, TX 78232

*/s/* Craig A. Stokes
Craig A. Stokes