IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY HALPRIN, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 5:13-CV-1042-RP |
| FEDERAL DEPOSIT INSURANCE CORPORATION, et al., | § § § § | |
| Defendants. | § § | |

# ORDER

Before the Court is Defendant Eric Sherer's First Amended Motion to Dismiss (Dkt. 132) and the responsive filings thereto. Having considered the parties' submissions, the relevant law, and the factual record, the Court issues the following order.

## I. Background

Plaintiffs initiated the instant action in state court in 2009 (Dkt. 1-3). Plaintiffs' Original Petition alleged acts by Defendant Eric Sherer ("Defendant" or "Mr. Sherer") in his official capacity as trustee under a deed of trust. (*Id.*). On May 7, 2009, Mr. Sherer filed an Original Answer and Verified Denial pursuant to Texas Property Code Section 51.007. (Dkt. 132-1). Plaintiffs subsequently filed their first Amended Petition. (Dkt. 2-5). That petition was not verified, and it did not rebut Mr. Sherer's Verified Denial. (*Id.*). Plaintiffs subsequently filed a number of amended petitions. (*See, e.g.*, Pls.' Fifth Am. Pet., Dkt. 2-2).

In November 2013, defendant First National Bank was closed, and the Federal Deposit Insurance Corporation was appointed as Receiver. (*See* Notice of Substitution, Dkt. 3, at 1). As a result, this case was removed to federal court. (Dkt. 1). Following removal, Plaintiffs filed a Sixth and Seventh Amended Complaint. (Dkts. 90, 124). Plaintiffs' Seventh Amended Complaint alleges

1

that Mr. Sherer, though "identified in the header of all prior pleadings as being a Defendant in his capacity as Trustee," was referred to in the body of all prior pleadings in his personal capacity. (Pls.' Seventh Am. Compl., Dkt. 124, at 1 n.2). According to the Seventh Amended Complaint, the references to Mr. Sherer in all prior pleadings "ha[d] no relation to his position" as a trustee. (*Id.*). Mr. Sherer filed the instant motion, which seeks dismissal of Plaintiffs' claims against him pursuant to Texas Property Code Section 51.007, in December 2015 (Dkt. 132).

There are two groups of plaintiffs in this suit: the Amelio Plaintiffs[1] and the Arriola Plaintiffs.[2] The Amelio Plaintiffs filed a Consolidated Objection and Response in Opposition to the various defendants' motions to dismiss (Dkt. 183) ("Amelio Response"), but that filing was explicitly not responsive to Mr. Sherer's motion. (*Id.* at 1 n.1).[3] The Court thus grants Mr. Sherer's motion as unopposed with respect to the Amelio Plaintiffs. The Arriola Plaintiffs, however, did file a response (Arriola Response, Dkt. 190) and surreply (Arriola Surreply, Dkt. 219) construing Defendant Sherer's motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and arguing that dismissal of Plaintiffs' claims against Mr. Sherer would be inappropriate because (1) the claims against Mr. Sherer in his individual capacity are not governed by Section 51.007 of the Texas Property Code, and (2) the claims relate back to the original complaint under Federal Rule of Civil Procedure 15(c)(1). Subsequent references to "Plaintiffs" in this Order refer exclusively to the Arriola Plaintiffs.

The Court will consider each of Plaintiffs' arguments in turn.

---

[1] The Amelio Response identifies the Amelio Plaintiffs as Joseph Amelio, Tawny Amelio, Adolfo Bejarano, Mauricio Bejarano, Maria R. Collins (also known as Maria Penunuri), David Goldberg, Gohar Karahagopian, Hagop Karahagopian, Les Klingermann, Michael Loeffler, Irina Minkova, Mikail Minkov, Andrew V. Nguyen, Simon Parrott, Melissa Parrott, David Trustey, Keven Trustey, Patricia Trustey, and Michael Trustey.

[2] The Arriola Response identifies the Arriola Plaintiffs as Edward Arriola, Kennie Arriola, Gerald Bates, Silvio Brigliadoro, Gregory Halprin, George Heywood, Denise Heywood, Kristopher Hochart, Craig Inaba, Payam Paul Kohanbosh, Ben Li, Lin Li, Stan Salah, Brian Taus, Michael Vick, Paul Weber, Hermann Hinschner, Michael Loeffler, and Desiree Young.

[3] The Amelio Response states that it "opposes: American Title Group's Motion to Dismiss, Brown's Motion to Dismiss, FDIC's Motion to Dismiss, Gandy and McCarthy's Motion to Dismiss, and Maldonado's Motion to Dismiss." *Id.*

## II. Section 51.007 of the Texas Property Code

*A. Standard of Review*

Texas Property Code Section 51.007(a) provides that "a trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument." Tex. Prop. Code. § 51.007(a). When a trustee files a verified denial, all parties to the suit have thirty days to file a verified response "setting forth all matters, whether in law or fact, that rebut the trustee's verified denial." Tex. Prop. Code. § 51.007(b). If no objection is made to the trustee's verified denial or no verified response is filed within 30 days, "the trustee *shall* be dismissed from the suit or proceeding without prejudice." Tex. Prop. Code. § 51.007(c) (emphasis added).

*B. Discussion*

In the present case, Defendant Sherer filed a verified denial on May 7, 2009, properly stating his belief that he was sued only in his capacity as trustee. (Dkt. 132-1). Plaintiffs failed to file a verified response within thirty days, as is required by Section 51.007(b). Plaintiffs do not dispute these facts. They argue instead that the protections afforded by the Texas Property Code "only protect an individual as to his status as a trustee, not for conduct performed in his capacity as an individual," and that any claims brought against Defendant Sherer in his capacity as trustee have been withdrawn. (Arriola Surreply, Dkt. 219, at 3). According to Plaintiffs, "there are numerous other facts that have always been asserted in both the 7th and 8th [a]mended complaints that clearly relate to individual actions by [Defendant Sherer] that were not in his capacity as trustee." (*Id.*). Setting aside the fact that this Court denied Plaintiffs' Motion for Leave to File [an Eighth] Amended Complaint, (Dkt. 214), Section 51.007 does not provide that a party may avoid dismissal by electing to file an amended pleading instead of a verified response. *See* Tex. Prop. Code. § 51.007.

3

Moreover, Section 51.007 provides that a trustee *shall* be dismissed from a suit without prejudice when no timely verified response has been filed. Tex. Prop. Code. § 51.007(c) (emphasis added). Dismissal of the claims against Defendant Sherer is thus required unless Plaintiffs demonstrate that the claims relate back to the Original Complaint pursuant to Federal Rule of Civil Procedure 15(c)(1). The Court considers this issue next.

### III. Relation Back of Amendments Under Federal Rule of Civil Procedure 15(c)(1)

*A. Standard of Review*

An amended complaint may "relate back" to an original complaint for statute of limitations purposes. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 372 (5th Cir. 2010). Whether an amended complaint relates back is governed by Federal Rule of Civil Procedure 15(c)(1), which provides that an amendment to a pleading relates back to the date of the original pleading when:

- (A) the law that provides the applicable statute of limitations allows relation back;
- (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
- (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m)[4] for serving the summons and complaint, the party to be brought in by amendment:
    - i. received such notice of the action that it will not be prejudiced in defending on the merits; and
    - ii. knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Thus, a claim or defense asserted in an amended pleading will relate back to the date of the original pleading when (1) the law providing the applicable statute of limitations allows relation back; or (2) the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Fed. R. Civ. P.

---

[4] "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

15(c)(1)(A)–(B). When the amended pleading changes the party or the naming of the party against whom a claim is asserted, however, the amendment will relate back to the original pleading only when the amended pleading satisfies the elements provided in Rule 15(c)(1)(B)–(C). *Sanders-Burns*, 594 F.3d at 373. Specifically, the party seeking to change a party or the name of a party must show that (1) the amended claim or defense "arise[s] from the same transaction or occurrence as the original pleading," (2) the party named in the amended pleading "received sufficient notice of the pendency of the action so as not to be prejudiced in preparing a defense," and (3) the party named in the amended pleading knew or should have known that she would have been named in the original pleading but for a mistake of identity. *Id.* (quoting Steven Baicker-McKee, William M. Janssen & John B. Corr, Federal Civil Rules Handbook 531–32 (2009)).

Generally speaking, claims asserted in an amended pleading arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading when "the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate 'in both time and type' from the originally raised episodes." *Mayle v. Felix*, 545 U.S. at 644, 657 (2005). An amended complaint "will not relate back if it asserts new or distinct conduct, transactions, or occurrences as the basis for relief." *McGregor v. La. State Univ. Bd. of Sup'rs*, 3 F.3d 850, 863 (1993).

With respect to whether the party named in the amended pleading received sufficient notice, the Fifth Circuit has made clear that actual notice is not required. *Sanders-Burns*, 594 F.3d at 374. "When the original complaint 'is perfected upon an agent of a party sought to be brought in by amendment, there is adequate notice of the action to that party.'" *Id.* (quoting *Kirk v. Cronvich*, 629 F.2d 404, 405 (5th Cir. 1980)). A party named in an amended pleading may also be considered to have received sufficient notice by virtue of an "identity of interest," which "generally means that the parties are so closely related in their business operations or other activities that the institution of an

action against one serves to provide notice of the litigation to the other." *Kirk*, 629 F.2d at 408 n.4; *see also Sanders-Burns*, 594 F.3d at 374–75.

As to the requirement that the party named in the amended pleading knew or should have known that she would have been named in the original pleading but for a mistake of identity, the Fifth Circuit has drawn a distinction between mistakes and "strategic decision[s]" to name parties in their official (as opposed to individual) capacities. *Sanders-Burns*, 594 F.3d at 379. The "mistake" required by Rule 15(1)(C)(ii) usually involves a "misnomer." *Id.* "In contrast, a conscious choice to sue one party and not another does not constitute a mistake and is not a basis for relation back." *Id.* (quoting 3 Edward Sherman & Mary P. Squiers, Moore's Federal Practice—Civil 15.19 (2009)).

   B.   *Discussion*

Plaintiffs in the instant case contend their claims against Defendant Sherer relate back under Federal Rule of Civil Procedure 15(c)(1)(A), 15(c)(1)(B), or 15(c)(1)(C). The Court disagrees.

Rule 15(c)(1)(A) provides that an amendment to a pleading relates back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Plaintiffs fail to identify an applicable law permitting relation back in either their response or surreply and are thus ineligible for relief on this ground.

Plaintiffs argue, in the alternative, that relation back is proper under Rule 15(c)(1)(B), which permits relation back when "the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). However, this argument presupposes that Plaintiffs' amended complaint does not change a party or the naming of a party against whom a claim is asserted.[5] While Plaintiffs contend that "the body of all prior pleadings refer to Mr. Sherer in his personal capacity," those pleadings explicitly name Defendant Sherer "in his official capacity as trustee." (Pls.' First Am. Pet.,

---

[5] As explained above, amendments that change a party or the naming of a party are governed by Rule 15(c)(1)(C).

Dkt. 2-5; Pls.' Third Am. Pet., Dkt. 2-6; Pls.' Fourth Am. Pet., Dkt. 2-1, at 22; Pls.' Fifth Am. Pet., Dkt. 2-2). When a complaint is amended to specify that a defendant is being sued in his individual (as opposed to official) capacity, courts have construed the amendment as one seeking to change the naming of a party and applied Rule 15(c)(1)(C). (*See Sanders-Burns v. City of Plano*, 594 F.3d 366, 377–78 (5th Cir. 2010) (citing as examples *Colvin v. McDougall*, 62 F.3d 1316, 1318 (11th Cir. 1995) and *Lovelace v. O'Hara*, 985 F.2d 847, 849–50 (6th Cir. 1993)). As such, Rule 15(c)(1)(B) is inapplicable in the instant case.

It is thus necessary to consider whether Plaintiffs' claims against Defendant Sherer relate back under Rule 15(c)(1)(C). As noted above, Rule 15(c)(1)(C) provides that a party seeking to change the naming of a party must show that the amended claim "arise[s] from the same transaction or occurrence as the original pleading," that the party named in the amended pleading "received sufficient notice of the pendency of the action so as not to be prejudiced in preparing a defense," and that the party named in the amended pleading knew or should have known that he would have been named in the original pleading but for a mistake of identity.

The third of these requirements is dispositive for purposes of this Order. When considering whether the party named in the amended pleading knew or should have known that he would have been named in the original pleading but for a mistake of identity, the Fifth Circuit has distinguished mistakes from "strategic decision[s]" to name parties in their official (as opposed to individual) capacities. For example, in a case in which a "side-by-side comparison of the original and amended complaints" revealed that "the only modification between the original and amended complaint is the substitution of the word 'individual' for 'official,'" the Fifth Circuit permitted relation back under Rule 15(c)(1). *Sanders-Burns v. City of Plano*, 594 F.3d at 380. In another case, the Fifth Circuit permitted relation back in part because the original complaint's "allegations . . . [were] factually distinct as to each of the Defendants," the original complaint's prayer for relief asked that judgment

7

be entered against the defendant in his individual capacity, and the defendant's answer to the complaint asserted "a defense against an individual capacity lawsuit." *Id.* at 379 (discussing *Kirk v. Cronvich*, 629 F.2d 404 (5th Cir. 1980)).

Despite Plaintiffs' contention that the body of previous pleadings referred to Defendant Sherer in his personal capacity, the history of this case makes clear that the failure to bring suit against Defendant Sherer in his individual capacity was not the result of a mere mistake or misnomer. Plaintiffs' pleadings referred to Mr. Sherer as being sued in his capacity as trustee multiple times, not merely in the caption of the case (Pls.' First Am. Pet., Dkt. 2-5, at ¶¶ 12, 49; Pls.' Third Am. Pet., Dkt. 2-6, at ¶¶ 27, 42; Pls.' Fourth Am. Pet., Dkt. 2-1, at ¶¶ 15, 34; Pls.' Fifth Am. Pet., Dkt. 2-2, at ¶¶ 63). Though Plaintiffs did include Mr. Sherer among the list of defendants against whom they alleged fraud, negligence, and conspiracy (*see generally id.*), the repeated references to all defendants make clear that Plaintiffs' allegations were not "distinct as to each of the Defendants," as was the case in *Sanders-Burns*, and were thus insufficient to suggest that Mr. Sherer knew or should have known that he would have been named in his individual capacity but for a mistake. Moreover, Mr. Sherer filed a Verified Denial stating that he was a party to the case only in his capacity as trustee in May 2009. (Dkt. 132-1). Plaintiffs failed to name Mr. Sherer in his individual capacity for over six years following that assertion. As such, the Court finds that Plaintiffs' pleadings reflect a conscious choice to sue Mr. Sherer in his official, as opposed to individual, capacity. Such choices "[do] not constitute a mistake and [are] not a basis for relation back." *Sanders-Burns*, 594 F.3d at 379.

Because Plaintiffs are ineligible for relief pursuant to Rule 15(c)(1)(C) for the reasons stated herein, the Court does not address whether the amended claim against Mr. Sherer arises from the same transaction or occurrence as the original pleading or whether Mr. Sherer received sufficient notice of the pendency of the action so as not to be prejudiced in preparing a defense.

## IV. Futility

The Arriola Response requests that Plaintiffs be granted leave to amend their Complaint in lieu of the dismissal of their claims against Mr. Sherer. (Arriola Response, Dkt. 190, at 3). However, it is within a district court's discretion to deny leave to amend if there is "a substantial reason to do so." *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996). In determining whether there is such a reason, "the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* at 314–15 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amended pleading is futile if it "would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). For the reasons discussed herein, any claims against brought against Mr. Sherer in connection with this matter would be ineligible for relation back under Rule 15(c)(1). The Court therefore finds that amendment would be futile and that dismissal of Plaintiffs' claims against Defendant Sherer is proper.

## IV. Conclusion

As such, and for the reasons stated herein, the Court hereby **GRANTS** Eric Sherer's Motion to Dismiss (Dkt. 132).

**SIGNED** on August 26, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE