IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY HALPRIN, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 5:13-CV-1042-RP |
| FEDERAL DEPOSIT INSURANCE CORPORATION, et al., | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are Defendant American Title Group, Inc.'s Amended Motion to Dismiss (Dkt. 126), Defendant American Title Group, Inc.'s Motion for Partial Summary Judgment (Dkt. 127), Defendant Dan Brown's Motion to Dismiss (Dkt. 153), and the responsive filings thereto. Having considered the parties' submissions and the relevant law, the Court issues the following order.

### I. Background

Plaintiffs initiated the instant action in state court in 2009 (Dkt. 1-3). In November 2013, defendant First National Bank was closed, and the Federal Deposit Insurance Corporation was appointed as Receiver. (*See* Notice of Substitution, Dkt. 3, at 1). As a result, this case was removed to federal court. (Dkt. 1). Following removal, Plaintiffs filed a Sixth and Seventh Amended Complaint. (Dkts. 90, 124). The Seventh Amended Complaint ("the Complaint") alleges, in part, that Plaintiffs entered into individual agreements with Defendants HTG Real Property Management, Padilla Property Corporation, Mauro T. Padilla, Maria del Rosario Padilla, Mauro Joe Padilla and/or Carlos Miguel Padilla (collectively the "Padilla Defendants") to purchase various lots in San Antonio

on which multi-family living units would be built. (Compl., Dkt. 124, at ¶ 5–8).Under the written contracts, the Padilla Defendants agreed to construct the multi-family units. (*Id.*).

Defendant American Title Group was formerly known as LandAmerica Lawyers Title of San Antonio, Inc. ("LandAmerica"). Defendant Dan Brown ("Mr. Brown") was a fee attorney for LandAmerica pursuant to a contract to close real estate transactions on LandAmerica's behalf, including the transactions between Plaintiffs and LandAmerica. (*Id.* ¶ 10). LandAmerica handled the "title and deed transactions" regarding these properties. (*Id.* ¶ 9). Plaintiffs provided LandAmerica, through Mr. Brown, twenty percent of the total purchase price as a down payment for each property as required by the contracts. (*Id.* ¶¶ 6, 8). Those funds were subsequently released to the Padilla Defendants. (*Id.* ¶ 8).

Plaintiffs brought claims against LandAmerica for statutory fraud, violations of the Deceptive Trade Practices Act ("DTPA"), civil conspiracy, assisting and participating, negligence, and breach of fiduciary duty. (*Id.* at 25–28). LandAmerica filed its Motion to Dismiss in November 2015. (Dkt. 126, "LA MTD"). The motion seeks dismissal of Plaintiffs' statutory fraud, DTPA, civil conspiracy, and assisting and participating claims pursuant to Federal Rule of Civil Procedure 12(c) and 9(b), (*id.* at 1), and dismissal of Plaintiffs' negligence and breach of fiduciary duty claims pursuant to Federal Rule of Civil Procedure 12(b)(6), (*id.* at 2). LandAmerica contemporaneously filed a Motion for Partial Summary Judgment on Plaintiffs' negligence claim. (Dkt. 127, "LA MPSJ").

Plaintiffs brought claims against Mr. Brown pursuant to the DTPA and for breach of fiduciary duty. (Compl., Dkt. 124, at 25). Mr. Brown filed his motion to dismiss, which seeks dismissal of Plaintiffs' claims against him pursuant to Federal Rule of Civil Procedure 12(c), in January 2016 (Dkt. 153, "Brown MTD").

LandAmerica's Motion to Dismiss, Mr. Brown's Motion to Dismiss, and LandAmerica's Motion for Partial Summary Judgment are now under consideration by the Court.

There are two groups of plaintiffs in this suit: the Amelio Plaintiffs[1] and the Arriola Plaintiffs.[2] The Amelio Plaintiffs filed a Consolidated Objection and Response in Opposition to various motions to dismiss, including those filed by Mr. Brown and LandAmerica. (Dkt. 183, "Amelio MTD Resp."). They filed a separate response to LandAmerica's Motion for Partial Summary Judgment ("Amelio MPSJ Resp.," Dkt. 184). The Arriola Plaintiffs, meanwhile, filed a Response to Dan Brown's Motion to Dismiss, (Dkt. 187, "Arriola Brown MTD Resp."); a Response to LandAmerica's Motion to Dismiss, (Dkt. 186, "Arriola LA MTD Resp."); and a Response and Sur-Reply to LandAmerica's Motion for Partial Summary Judgment (Dkt. 188, "Arriola MPSJ Resp."; Dkt. 218, "Arriola MPSJ Sur-Reply"). Mr. Brown filed a joint reply to the Arriola and Amelio Plaintiffs (Dkt. 211, "Brown Reply"), and LandAmerica filed several responsive pleadings, (Dkt. 207, "LA MPSJ Reply"; Dkt. 209, "LA Obj.,"; Dkt. 206, "LA MTD Reply").

## I. Standard of Review

A.   *Federal Rules of Civil Procedure 12(c) and 12(b)(6)*

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the

---

[1] The Amelio MTD Response, (Dkt. 183 at 1 n.1), identifies the Amelio Plaintiffs as Joseph Amelio, Tawny Amelio, Adolfo Bejarano, Mauricio Bejarano, Maria R. Collins (also known as Maria Penunuri), David Goldberg, Gohar Karahagopian, Hagop Karahagopian, Les Klingermann, Michael Loeffler, Irina Minkova, Mikail Minkov, Andrew V. Nguyen, Simon Parrott, Melissa Parrott, David Trustey, Keven Trustey, Patricia Trustey, and Michael Trustey.

[2] The Arriola LA MTD Response, (Dkt. 186 at 1 n.2), identifies the Arriola Plaintiffs as Edward Arriola, Kennie Arriola, Gerald Bates, Silvio Brigliadoro, Gregory Halprin, George Heywood, Denise Heywood, Kristopher Hochart, Craig Inaba, Payam Paul Kohanbosh, Ben Li, Lin Li, Stan Salah, Brian Taus, Michael Vick, Paul Weber, Hermann Hinschner, Michael Loeffler, and Desiree Young.

pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task" and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

4

In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### B.     Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). By its plain language, the rule applies to all averments of fraud. *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). As such, "allegations of fraud must meet a higher, or more strict, standard than the basic notice pleading required by Rule 8." *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993). "This standard 'stems from the obvious concerns that general, unsubstantiated charges of fraud can do damage to a defendant's reputation.'" *Shushany*, 992 F.2d at 521 (quoting *Guidry v. Bank of La Place*, 954 F.2d 278, 288 (5th Cir. 1992)). The rule is also "designed 'to preclude litigants from filing baseless complaints and then attempting to discover unknown wrongs.'" *Id.* (quoting *Guidry v. Bank of La Place*, 740 F.Supp. 1208, 1216 (E.D. La. 1990), *aff'd as modified*, 954 F.2d 278 (5th Cir.1992)).

"At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir.1992); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339–43 (5th Cir. 2008). Although Rule 9(b) allows conditions of mind to be averred generally, mere allegations that defendants possess fraudulent intent are insufficient. *Id.* (citing *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994)). Plaintiffs must set forth specific facts supporting an inference of fraud. *See id.* (emphasis in original).

State law fraud claims are subject to the heightened pleading requirements of Rule 9(b). *Sullivan v. Leor Energy, LLC*, 600 F.3d 542 at 550–51 (5th Cir. 2010). These include claims alleging

5

violations of the DTPA. *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 288 (5th Cir. 2016) (noting a district court's dismissal of DTPA fraud claims for failing to meet the heightened pleading standards of Rule 9(b)); *Bige, Inc. v. Penn-Am. Ins. Co.*, No. 1-15-CV-292-RP, 2015 WL 5227726, at *4 (W.D. Tex. Sept. 8, 2015) (noting that Texas district courts consistently apply Rule 9(b)'s requirements to claims under the DTPA and citing cases in support). When they sound in fraud, claims for civil conspiracy and for assisting and participating are also subject to Rule 9(b). *Castillo v. First City Bancorporation of Tex., Inc.*, 43 F.3d 953, 961 (5th Cir. 1994) (reviewing a district court's dismissal of fraud and civil conspiracy claims for failure to plead with particularity under Rule 9(b) and finding that some of the claims met the requirements of Rule 9(b)); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010); *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723–24 (5th Cir. 2003); *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (holding that the pleading requirements of Rule 9(b) apply to claims that are "grounded" in fraud).

The Fifth Circuit has recognized that Rule 9(b)'s requirements may be "to some extent relaxed" when "the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge." *Bige,* 2015 WL 5227726, at *5 (quoting *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 385 (5th Cir. 2003)). However, a plaintiff seeking the relaxation of the 9(b) standard must establish that the facts in question are "peculiarly within" the defendant's knowledge. *Id.*; *Willard*, 336 F.3d at 385.

## II. Applying Rules 12(c) and 9(b) to Plaintiffs' Statutory Fraud, DTPA, Civil Conspiracy, and Assisting and Participating Claims

### A.  *Application of Rule 9(b)*

Plaintiffs allege causes of action against LandAmerica for statutory fraud, violations of the DTPA, civil conspiracy, and assisting and participating. (Compl., Dkt. 124, at 25–27). They allege causes of action against Mr. Brown for violations of the DTPA. (*Id.* at 25).

The Arriola Plaintiffs contend that Rule 9(b) does not apply to causes of action alleging conspiracy. (Arriola LA MTD Resp., Dkt. 186, at 3). In support, they cite two cases. The first is a report and recommendation from United States Magistrate Judge Nancy Stein Nowak that in fact assumes *arguendo* that Rule 9 requires particularity in pleading a conspiracy claim. *Target Strike, Inc. v. Marston & Marston, Inc.*, No. SA–10–CV–0188, 2010 WL 4269617, at *3 (W.D. Tex. Oct. 27, 2010). The second is an opinion from the U.S. Court of Appeals for the Fifth Circuit that addresses the application of Rule 9(b) to False Claims Act conspiracy allegations, not causes of action alleging conspiracy to commit fraud. *U.S. ex rel. Guth v. Roedel Parsons Koch Blache Balhoff & McCollister*, 626 Fed. App'x. 528, 534 (5th Cir. 2015) (per curiam). Indeed, the Fifth Circuit has accepted Rule 9(b)'s application to claims involving civil conspiracy to commit fraud. *Castillo*, 43 F.3d at 961.

Plaintiffs further argue that the requirements of Rule 9(b) should be relaxed because "the specific who, what, where, when, and how is fully in the possession of Land America Title, their employees and their co-conspirators, particularly Mauro Padilla." (Arriola LA MTD Resp., Dkt. 186, at 6–7). However, the Fifth Circuit has warned that this exception "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *Willard*, 336 F.3d at 385 (citing *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). Even where allegations "are based on information and belief, the complaint must set forth a factual basis for such belief." *Id.* In the instant case, Plaintiffs have had access to years of discovery, including 42 depositions. (LA MTD Reply, Dkt. 206, at 2). Moreover, relaxing the standard would be inappropriate because the overwhelming majority of the facts Plaintiffs failed to plead (such as where and when the alleged misrepresentations were made and which LandAmerica employee made them) should be known to Plaintiffs. *See Gonzalez v. Bank of Am. Ins. Services, Inc.*, 454 Fed. App'x 295, 298 n.3 (5th Cir. 2011) (declining to relax the Rule 9(b) pleading standard for similar reasons). Thus, the Court will not

7

apply a relaxed standard under Rule 9(b) as it considers the claims against Mr. Brown and the claims against LandAmerica.

      B.      *Claims Against Dan Brown*

With respect to the claim against Defendant Brown for alleged violations of the DTPA, Plaintiffs contend they have met the pleading requirements of Rule 9(b). (Arriola Brown MTD Resp., Dkt. 187, at 3; Amelio MTD Resp., Dkt. 183, at 9–11). Specifically, they allege the Complaint[3] specifies who made the statements in question, what was said, where and when the statements were made, and why the statements were fraudulent. However, a review of the portions of the Complaint cited in Plaintiffs' Responses demonstrates that the Complaint in fact fails to sufficiently plead the "what, where, and when" factors required by Rule 9(b).

As to the contents of the allegedly false representations, the Complaint alleges that Mr. Brown and others "improperly failed to disclose and notify the Plaintiffs of conflicts of interests, self-dealing, defects in legal description, and improper transfer of clear title," (Compl., Dkt. 124, ¶ 8); that Mr. Brown "took advantage of the Plaintiff's lack of knowledge and access to the necessary research tools," (*id.* ¶ 27(g)); and that Mr. Brown "used false, misleading and/or deceptive acts in connection with the Plaintiffs' purchase of services," (*id.* ¶ 27(i)). While Plaintiffs note that "failing to disclose material facts is as equally fraudulent as an affirmative misrepresentation," (Amelio MTD Resp., Dkt. 183, at 10), they must still "state[e] with particularity" the "circumstances constituting fraud." Fed. R. Civ. P. 9(b). Here, Plaintiffs fail to state exactly what Mr. Brown failed to disclose, how Mr. Brown "took advantage" of Plaintiffs, and what particular "false, misleading and/or deceptive acts" Mr. Brown undertook.

---

[3] The Amelio Plaintiffs' Consolidated Objection and Response, (Dkt. 183), repeatedly references Plaintiffs' Eighth Amended Complaint. Because the Court denied Plaintiffs' motion for leave to amend their complaint, (Dkt. 214), the operative complaint in this case is the Seventh Amended Complaint, (Dkt. 124). The contents of the Eighth Amended Complaint were thus not considered by the Court in evaluating the merits of the instant motions.

Concerning the time and place of the false misrepresentations, Plaintiffs state merely that the action complained of occurred "during the course of the real estate transactions at issue, starting in 2005." (Arriola Brown MTD Resp., Dkt. 187, at 4). Specifically, the Complaint alleges that "this case began in about 2005," (Compl., Dkt. 124, ¶ 8); that "information was at all times available and accessible to Land America Title," (*id.*); that "[d]uring the course of these transactions the Padilla Defendants made numerous false statements of fact," (*id.* ¶¶ 63, 75); and that LandAmerica "provided substantial assistance to the Padilla Defendants," (*id.* ¶ 94). These allegations fall far short of the "particulars of time [and] place" required by Rule 9(b). *See Tel–Phonic Servs.*, 975 F.2d at 1139.

Given the failure of the Complaint to identify the content of the allegedly fraudulent misrepresentations or where and when those misrepresentations were made, Rule 9(b) requires the dismissal of Plaintiffs' DTPA claim against Mr. Brown.

  C. *Claims Against LandAmerica*

Plaintiffs also contend that their claims against LandAmerica for statutory fraud, violations of the DTPA, civil conspiracy, and assisting and participating are pled with sufficient particularity to meet the requirements of Rule 9(b). (Amelio MTD Resp., Dkt. 183, at 8; Arriola LA MTD Resp., Dkt. 186, at 4–6). The Complaint's averments regarding LandAmerica, however, do not satisfy the "who, when, and where" factors required by Rule 9(b).

With respect to who made the alleged misrepresentations, Plaintiffs allege that "Dan Brown and other [r]epresentatives of Land America Title," along with the Padilla Defendants, made statements to "Kennie Arriola as communications liaison for the Plaintiffs' group." (Arriola LA MTD Resp., Dkt. 186, at 5). The specific allegations in the Complaint are that "Land America Title did not properly handle the closing of the properties as sought by the Plaintiffs," (Compl., Dkt. 124, ¶ 27(f)); that "Land America Title and Dan Brown took advantage of the Plaintiffs' lack of knowledge and access to the necessary research tools," (*id.* ¶ 27(g)); that LandAmerica failed to

9

notify Plaintiffs "of the basic issues with the title packages," (*id.* ¶27(h)); that LandAmerica "was aware" of misconduct by the Padilla Defendants and did not disclose those defendants' misrepresentations to Plaintiffs, (*id.* ¶ 74); and that LandAmerica assisted both with re-deeding the property in question back to the Padilla Defendants and with the execution of Plaintiffs' subrogation agreements to First National Bank's security interest, (*id.* ¶ 110). The Complaint links these allegations to "Land America Title, its trustee, and its employees and representatives, including but not limited to Dan Brown," (*id.* ¶ 27(i)), but wholly fails to identify which specific LandAmerica employees were responsible for the alleged misconduct.

While Plaintiffs allege that these failures do not implicate Rule 9(b) because "communications between and among employees of the title company and with the co-conspirators[] are in the possession of Land America Title and . . . other [d]efendants," Plaintiffs have had access to years of discovery in this case, including 42 depositions. (LA MTD Reply, Dkt. 206, at 2). Indeed, at the time the case was removed to federal court, the only remaining depositions were those involving expert witnesses. (*Id.*). Plaintiffs thus cannot establish that the facts in question are "peculiarly within" the defendant's knowledge, as is required when relaxation of the 9(b) standard is sought. *Willard*, 336 F.3d at 385.

As to where and when the allegedly false representations were made, Plaintiffs again respond only that the events in question occurred "[d]uring the course of the real estate transactions at issue, starting in 2005." (Arriola LA MTD Resp., Dkt. 186, at 5; Amelio MTD Resp., Dkt. 183, at 10).[4] As they were with respect to Plaintiffs' claims against Mr. Brown, these allegations are insufficient to satisfy Rule 9(b)'s requirement that plaintiffs plead the "particulars of time [and] place." *See Tel–Phonic Servs.*, 975 F.2d at 1139.

---

[4] As noted *supra*, the Complaint alleges that "this case began in about 2005," (Compl., Dkt. 124, ¶ 8); that "information was at all times available and accessible to Land America Title," (*id.*); that "[d]uring the course of these transactions the Padilla Defendants made numerous false statements of fact," (*id.* ¶¶ 63, 75); and that LandAmerica "provided substantial assistance to the Padilla Defendants," (*id.* ¶ 94).

10

Because the Complaint fails to identify who made the allegedly fraudulent misrepresentations or where and when those misrepresentations were made, Rule 9(b) requires the dismissal of Plaintiffs' statutory fraud, DTPA, civil conspiracy, and assisting and participating claims against LandAmerica.

### III. Applying Rule 12(b)(6) to Plaintiffs' Negligence and Breach of Fiduciary Duty Claims

Plaintiffs allege a cause of action against both LandAmerica and Mr. Brown for breach of fiduciary duty. (Compl., Dkt. 124, at 14). Against LandAmerica, Plaintiffs also allege a cause of action in negligence. (*Id.* at 20). In their respective motions to dismiss, LandAmerica and Mr. Brown argue that this claim is based on LandAmerica's disbursement of funds to the Padilla Defendants, that Plaintiffs have admitted that they signed hold harmless agreements expressly authorizing LandAmerica to disburse the funds, and that Plaintiffs thus fail to state a claim for negligence or breach of fiduciary duty with respect to either defendant. (LA MTD, Dkt. 126, at 2; Brown MTD, Dkt. 153, at 1–2).

Specifically, LandAmerica and Mr. Brown point to Plaintiffs' statement in the Complaint that "Mr. Brown and Land America Title required all parties to sign hold harmless agreements." (Compl., Dkt. 124, ¶ 11). Defendants argue that this statement is a binding judicial admission by Plaintiffs that they signed the agreements in question. (LA MTD, Dkt. 126, at 2; Brown MTD, Dkt. 153, at 1). Plaintiffs dispute that this statement necessarily means Plaintiffs signed the agreements, (Arriola MPSJ Sur-Reply, Dkt. 218, 11). However, (1) the language is clear, and (2) nowhere in the Complaint do Plaintiffs so much as imply that they did not sign the agreements. While the Court is mindful of the need to resolve all reasonable inferences in favor of Plaintiffs, it must also accept as true all factual allegations contained within the Complaint. Here, the Complaint includes a factual allegation that Plaintiffs were required to sign hold harmless agreements; the Complaint nowhere

11

suggests that Plaintiffs did not in fact sign the hold harmless agreements, and Defendant LandAmerica's Motion to Dismiss included the signed hold harmless agreements as attachments. Even under the deferential standards of Rules 12(c) and 12(b)(6), the Court must conclude that the statement in question was a binding judicial admission.

Plaintiffs further argue that (1) Defendants misstate Plaintiffs' cause of action (Amelio MPSJ Resp., Dkt. 184, at 5; Arriola MPSJ Resp., Dkt. 188, at 4)[5]; (2) the Court may not consider the hold harmless agreements because a court may not go outside the pleadings when considering a motion to dismiss, (Amelio MTD Resp., Dkt. 183, at 2; Arriola LA MTD Resp., Dkt. 186, at 9); (3) the acknowledgement that Plaintiffs signed the hold harmless agreements is not an admission that the agreements are valid, which they are not (Amelio MTD Resp., Dkt. 183, at 2; *see generally* Arriola MPSJ Resp., Dkt. 188); and that (4) several plaintiffs did not sign the hold harmless agreements (Arriola MPSJ Resp., Dkt. 188, at 5; Amelio MPSJ Resp., Dkt. 184, at 8). The Court addresses each of these arguments in turn.

### A.     *Clarifying the Cause of Action*

In their motions to dismiss, Defendants argue that Plaintiffs' breach of fiduciary duty and negligence claims must fail because the "core element of Plaintiffs' claim for damages . . . is the disbursement of funds to the Padilla Defendants," which was authorized by the signed hold harmless agreements. (Brown MTD, Dkt. 153, at 1; LA MTD, Dkt. 126, at 14). According to Defendants, "the allegation that LandAmerica Title improperly disbursed funds to the Padilla Defendants is *the* damage allegation against LandAmerica Title." (LA MTD, Dkt. 126, at 14).

Plaintiffs argue in response that the negligence claim also rests on LandAmerica "breaching their duty of care by allowing the transfer of property between Plaintiffs and the Padilla Defendants"

---

[5] Because Plaintiffs and Defendants each incorporated some of their arguments regarding LandAmerica's motion for partial summary judgment into their arguments regarding LandAmerica and Mr. Brown's motions to dismiss, the Court cites to these documents throughout its analysis.

and "failing to notify Plaintiffs of material issues relating to the transfer of titles on the subject properties from Plaintiffs to the Padilla Defendants." (Arriola MPSJ Resp., Dkt. 188, at 4). In doing so, Plaintiffs refer the Court to their proposed Eighth Amended Complaint, (*see* Amelio MTD Resp., Dkt. 183, at 11), which they unsuccessfully sought leave to file, (Order, Dkt. 214). The portion of the Seventh Amended Complaint addressing Plaintiffs' negligence claims against LandAmerica states merely that LandAmerica "breached the duty of ordinary care by allowing the transfer of property between the Plaintiffs and the Padilla Defendants," (Compl., Dkt. 124, at ¶ 86); and that "[h]ad the Plaintiffs been aware that the requirements of transfer were not complete, the title transfers would not have occurred and the Padilla Defendants would not have received any of the Plaintiffs' funds," (*id.* ¶ 87). As such, the Court is persuaded that Plaintiffs' negligence claim against LandAmerica is predicated exclusively on LandAmerica's disbursement of funds to the Padilla Defendants.

      B.      *The Court's Consideration of the Hold Harmless Agreements*

Plaintiffs next argue that the hold harmless agreements are "improper evidence" because courts may not go outside the pleadings when considering a motion to dismiss. (Arriola LA MTD Resp., Dkt. 186, at 9). However, courts may consider documents not attached to the pleadings when those documents are attached to the motion to dismiss, referred to in the complaint, and central to the plaintiffs' claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Causey v. Sewell Cadillac—Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). In the instant case, LandAmerica attached the hold harmless agreements to its motion to dismiss, (LA MTD, Dkt. 126, Ex. A), and Plaintiffs mentioned the documents in their Complaint, (Compl., Dkt. 124, ¶ 11). Because the hold harmless agreements authorized the disbursement of Plaintiffs' funds to the Padilla Defendants, they are

13

central to Plaintiffs' claims. As such, the Court may consider them when evaluating the instant motions to dismiss.

### C. *The Validity of the Hold Harmless Agreements*

In response to Defendants' motions to dismiss, Plaintiffs argue that their judicial admission regarding signing the hold harmless agreements should not be construed as an admission that the hold harmless agreements are valid, (Amelio MTD Resp., Dkt. 183, at 12), because they are not, (Amelio MPSJ Resp., Dkt. 184, 6–8). In support of this argument, Plaintiffs argue that the contracts are unenforceable because of fraud by the Padilla Defendants (*id.* ¶ 17–18), that the Padilla Defendants breached the hold harmless agreements (*id.* ¶ 20–21), and that it is impermissible for LandAmerica to use a provision exempting itself from tort liability to shield itself from its own negligence (*id.* ¶ 23).

These assertions are unresponsive to the argument made by Defendants, who rely not on the provisions of the hold harmless agreements indemnifying itself but on the section of the agreements that expressly authorize and direct LandAmerica to disburse funds to the Padilla Defendants.[6] As the disbursement of funds to the Padilla Defendants is the only damage allegation contained in the claims for negligence and breach of fiduciary duty, Plaintiffs' judicial admission regarding signing the hold harmless agreements is dispositive. Defendants were expressly authorized to disburse the funds by the Plaintiffs, and the only damage allegation contained in the claims for negligence and breach of fiduciary duty was that Defendants' disbursement of the funds constituted negligence or a breach. As such, Plaintiffs' claims must be dismissed.

---

[6] While the text of the hold harmless agreements vary, each contains the following language: "THAT the Seller and Buyer hereby authorize and direct LandAmerica Lawyers Title of San Antonio, Inc. to release the funds in the sum of $[AMOUNT] to the Seller." LA MTD, Dkt. 126, Ex. A.

D.     *Application of Plaintiffs' Judicial Admission to All Individual Plaintiffs*

With respect to Plaintiffs' claims for breach of fiduciary duty and negligence, the only remaining question is whether the judicial admission regarding Plaintiffs' signing of the hold harmless agreements is binding on each individual Plaintiff.

Despite the Complaint's admission that "Mr. Brown and Land America Title required all parties to sign hold harmless agreements," (Compl., Dkt. 124, ¶ 11), Plaintiffs later stated (and LandAmerica conceded) that Plaintiffs Kennie Arriola, Gerald Bates, Mauricio Bejarano, Silvio Brigliadoro, Gregory Halprin, Kristopher Hochart, Hermann Hinschner, Craig Inaba, Les Klingerman, Maria Collins (also known as Maria Penunuri), Brian Taus, Michael Vick, Paul Weber, and Desiree Young did not execute those agreements (Amelio MPSJ Resp., Dkt. 184, at 8; Arriola MPSJ Resp., Dkt. 188, at 5–6; LA MPSJ, Dkt. 127, at 15). Agreements signed by these plaintiffs are also missing from LandAmerica's attachments to its motion to dismiss. (LA MTD, Dkt. 126-1).

However, it is well settled that "factual assertions in pleadings are . . . judicial admissions conclusively binding on the party that made them." *White v. ARCO/Polymers*, 720 F.2d 1391, 1396 (5th Cir. 1983). "Once a fact is formally admitted and thereby set aside in the discovery process," as is the case here, "the party requesting an admission is entitled to rely on the conclusiveness." *Armour v. Knowles*, 512 F.3d 147, 154 n.13 (5th Cir. 2007). Parties may not rebut a judicial admission made in their pleadings with new evidence or testimony. *Giddens v. Cmty. Educ. Ctrs., Inc.*, 540 Fed. App'x 381, 390 n.3 (5th Cir. 2013) (citing *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 107–08 (5th Cir. 1987)). As such, the judicial admission in the Complaint is binding on all Plaintiffs, and the claims against Mr. Brown and LandAmerica for breach of fiduciary duty and negligence must be dismissed pursuant to Rule 12(b)(6).

## IV. LandAmerica's Motion for Partial Summary Judgment

Because Plaintiffs' negligence claim against LandAmerica is being dismissed pursuant to Rule 12(b)(6), there is no need for the Court to consider LandAmerica's Motion for Partial Summary Judgment, (Dkt.127). As such, that motion is hereby **DISMISSED AS MOOT**.

## V. Conclusion

For the reasons described in the Court's Order denying Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 214), the Court is satisfied that dismissal, not amendment of the Complaint, is the appropriate remedy.

As such, and for the reasons stated herein, the Court hereby **GRANTS** Defendant American Title Group, Inc.'s Amended Motion to Dismiss (Dkt. 126) and Defendant Dan Brown's Motion to Dismiss (Dkt. 153). Defendant American Title Group, Inc.'s Motion for Partial Summary Judgment (Dkt. 127) is hereby **DISMISSED AS MOOT**.

**SIGNED** on September 30, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE