IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY HALPRIN, et al., | § § § § | |
| Plaintiffs, | § | |
| v. | § § | 5:13-CV-1042-RP |
| FEDERAL DEPOSIT INSURANCE CORPORATION, et al., | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiffs' Motion for Reconsideration, (Dkt. 224), which seeks relief from the Court's order denying Plaintiffs' Motion for Leave to File Amended Complaint, (Dkt. 214). Having reviewed the pleadings, the relevant law, and the factual record, the Court hereby **DENIES** Plaintiffs' motion.

## I. Background

Plaintiffs initiated the instant action in state court in 2009. When the case was removed to federal court in 2013, Plaintiffs had already filed five versions of their petition. After Plaintiffs were ordered to amend their petition to conform to the pleading requirements of the Federal Rules of Civil Procedure, Plaintiffs filed a sixth amended complaint (Dkt. 90) containing fewer plaintiffs and claims than the state court petition. Despite the general rule that amended complaints supersede prior filings, the parties expressed significant confusion as to which parties and claims remained. Accordingly, the Court ordered Plaintiffs to file a notice regarding the plaintiffs and causes of action that remained live in light of the sixth amended complaint. (Dkt. 109). Two sets of plaintiffs filed notices in response. (Dkts. 116, 117). Because three plaintiffs who responded to the Order were not

1

included in the sixth amended complaint, the Court ordered Plaintiffs to file a seventh amended

complaint. (Dkt. 118). That complaint was filed in November 2015, (Dkt. 124), two years after the

case was removed and more than six years after Plaintiffs initiated the action.

In July 2016, Plaintiffs filed an opposed motion to amend their complaint. (Dkt. 192). Citing

unspecified time constraints, Plaintiffs filed "two 'sets' of Complaints" and informed the Court that

they would work together to create a "single, streamlined Complaint" only if the Court granted leave

to amend (Pls.' Mot. Leave File Am. Compl., Dkt. 192, at 1 n.1). After reviewing the pleadings, the

relevant law, and the case file, this Court denied Plaintiffs' motion. (Dkt. 214).

The instant motion, brought pursuant to Federal Rule of Civil Procedure 59, seeks relief

from the Court's denial of leave to amend. (Pls.' Mot. Recons., Dkt. 224, at 1). Specifically, Plaintiffs

ask that they be permitted to file their proposed eighth amended complaint and that the Court

modify its recent dismissal of several individual defendants to reflect that the dismissals were

without prejudice to the filing of an amended complaint. (*Id.* at 1).

## II. Standard of Review

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" by

that name. *Lavespere v. Niagara Mack & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1991). However,

the Fifth Circuit has held that a motion for reconsideration should be treated as a motion to alter or

amend judgment under Rule 59(e) if it is filed within twenty-eight days of the judgment at issue;

otherwise, it is considered a motion for relief under Rule 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d

326, 328 n.1 (5th Cir. 2004).[1]

---

[1] In *Shepherd*, the Fifth Circuit held that a motion for reconsideration should be considered a Rule 59(e) motion if filed within ten days of the judgment or order in question. *Shepherd*, 372 F.3d at 328 n.1. That timeline was derived from the then-existing requirement that Rule 59(e) motions be filed within ten days of the judgment or order of which the party complained. The 2009 amendments to the Federal Rules changed that deadline. Today, a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e).

This Court rendered its order regarding Plaintiffs' Motion for Leave to File Amended Complaint on August 8, 2016. (Dkt. 214). Plaintiffs filed the instant motion on August 26, 2016. (Dkt. 224). Therefore, the motion to reconsider must be evaluated under Rule 59(e).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," but instead is intended to allow a court to correct manifest errors of law or fact, to correct inadvertent clerical errors, or to present newly-discovered evidence. *Id.* A "'[m]anifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).

## II. Discussion

The Court's primary basis for denying Plaintiffs' motion for leave to amend was that granting the motion would result in undue prejudice to Defendants. (Order, Dkt. 214, at 3). Plaintiffs assert, however, that the Court failed to apply the appropriate standard for determining whether granting a motion for leave to amend would result in undue prejudice to Defendants. (Pls.' Mot. Recons., Dkt. 224, at 2). The Court thus construes Plaintiffs' instant motion as one seeking reconsideration under Rule 59(e) pursuant to a manifest error of law or fact. As noted above, a "'[m]anifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy*, 394 F.3d at 325.

As stated above, a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but were not. *Templet*, 367 F.3d at 479. This is problematic for Plaintiffs for two reasons. First, Plaintiffs' initial motion for leave to amend did not include any arguments regarding whether Defendants

would suffer undue prejudice if the motion were granted. (Pls.' Mot. Leave File Am. Compl., Dkt. 192). Second, Plaintiff's motion for leave to amend was not accompanied by a singular proposed eighth amended complaint. (Pls.' Mot. Leave File Am. Compl., Dkt. 192, at 1 n.1). Plaintiffs only filed a unified proposed amended complaint when they filed the instant motion for reconsideration, (Pls.' Mot. Recons., Dkt. 224, Ex. 1), and they rely on that late-filed complaint throughout their motion for reconsideration. Those two factors, on their own, provide sufficient basis for refusing the requested relief. The Court has also considered the merits of Plaintiffs' arguments, however, and discusses them below.

According to Plaintiffs, "the Fifth Circuit's test for finding undue prejudice" is whether the proposed amendment creates a "fundamentally different case with new causes of action and different parties." (Pls.' Mot. Recons., Dkt. 224, at 2 (quoting *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 427 n.18)). Plaintiffs argue that their proposed amended complaint does not create a "fundamentally different case" and that, as a result, they should have been granted leave to amend their complaint. (*Id.*). The Court disagrees.

Plaintiffs contend that "the underlying transactions and parties remain unchanged," and "except for the addition of [c]ivil Rico (and the minor Brigliadoro claim[2]), Plaintiffs' proposed amended complaint exactly mirrors the claims in the Seventh Amended Complaint." (*Id.*). The Court is unpersuaded by this argument. While amendments that merely add "alternative legal theories for recovery on the same underlying facts" are generally permitted, *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 246 n.2 (5th Cir. 1997), the addition of a civil racketeering claim is not merely an alternative theory for recovery. There may be overlap between the elements of civil racketeering and common law fraud, but the causes of action are fundamentally distinct. Proving each would

---

[2] The "minor Brigliadoro claim," as reflected in the proposed amended complaint attached to the instant motion, is an entirely new breach of contract claim brought by Plaintiff Silvio Brigliadoro against Defendant Land America. (Proposed Eigth Am. Compl., Dkt 224-1, at 41–43). Plaintiff Brigliadoro seeks an award of prejudgment interest, (*id.*), which Plaintiffs have characterized as "a *de minimis* $20,000 claim." (Pls.' Mot. Recons., Dkt. 224, at 1).

require—at least in part—proving different underlying facts. *See, e.g.*, 18 U.S.C. § 1962 (stating, in multiple subsections, the requirement of proving a "pattern of racketeering activity" to access relief under the Racketeer Influenced and Corrupt Organizations Act). Additionally, while Plaintiffs characterize the added Brigliadoro claim as "minor," it is an entirely new cause of action that was not included in any of Plaintiffs' prior seven pleadings.

Plaintiffs urge the Court to consider the prejudice suffered by them as a result of the Court's denial of leave to amend. The Court did so when considering Plaintiffs' initial motion. However, the history of this matter—including the fact that Plaintiffs failed to (1) file a singular amended complaint to their motion for leave to amend or to (2) seek the inclusion of the civil RICO and Brigliadoro claims in any of the seven petitions or complaints previously filed—is sufficient to "give rise to the inference" that Plaintiffs are "engaging in tactical maneuvers to force the court to consider various theories seriatim." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 141 (5th Cir. 1993) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir.1981)).

Plaintiffs argue that much of the delay in this case was the result of their former counsel's actions. However, it is well settled that clients are held accountable for the acts and omissions of their attorneys. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396–97 (1993) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) ("Petitioner voluntarily chose this attorney as his representative in this action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation . . . .")).

Finally, Plaintiffs' protestations notwithstanding, "the fact that a defendant has filed a motion for summary judgment is significant in the determination [of] whether a plaintiff's subsequent motion to amend is timely." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 n.2 (5th Cir. 1992). As such, a party's attempt to raise new theories of recovery by amendment are "more

carefully scrutinize[d]" when the opposing party has filed a motion for summary judgment. *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999). In the instant case, Defendants have already filed several iterations of motions for summary judgment and motions to dismiss.

Having considered both Plaintiffs' failure to meet the demands of Rule 59(e) and the merits of Plaintiffs' arguments, the Court concludes that Plaintiffs are not entitled to the relief requested.

### IV. Conclusion

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. As such, and for the reasons stated herein, the Court hereby **DENIES** Plaintiffs' Motion for Reconsideration (Dkt. 224).

**SIGNED** on September 30, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE