IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY HALPRIN, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 5:13-CV-1042-RP |
| FEDERAL DEPOSIT INSURANCE CORPORATION, et al., | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court in the above-entitled matter is Plaintiffs' Renewed Motion for Reconsideration Pursuant to Rule 54(b). (Dkt. 244). Having considered the motion and responsive filings thereto, applicable law, and the case file, the Court finds Plaintiffs' motion should be **DENIED**.

## I. BACKGROUND

Plaintiffs initiated the instant action in state court in 2009. When the case was removed to federal court in 2013, Plaintiffs had already filed five versions of their petition. After Plaintiffs were ordered to amend their petition to conform to the pleading requirements of the Federal Rules of Civil Procedure, Plaintiffs filed a sixth amended complaint, (Dkt. 90), containing fewer plaintiffs and claims than the state court petition. Despite the general rule that amended complaints supersede prior filings, the parties expressed significant confusion as to which parties and claims remained. Accordingly, the Court ordered Plaintiffs to file a notice regarding the plaintiffs and causes of action that remained live in light of the sixth amended complaint. (Dkt. 109). Two sets of plaintiffs filed notices in response. (Dkts. 116, 117). Because three plaintiffs who responded to the Order were not included in the sixth amended complaint, the Court ordered Plaintiffs to file a seventh amended

1

complaint. (Dkt. 118). That complaint was filed in November 2015, (Dkt. 124), two years after the case was removed and more than six years after Plaintiffs initiated the action.

In July 2016, Plaintiffs filed an opposed motion to amend their complaint. (Dkt. 192). After reviewing the pleadings, the relevant law, and the case file, this Court denied Plaintiffs' motion. (Dkt. 214). Plaintiffs subsequently filed a Motion for Reconsideration, (Dkt. 224), which the Court analyzed under Federal Rule of Civil Procedure 59(e) and denied, (Dkt. 229).

Plaintiffs filed the instant Renewed Motion for Reconsideration, which argues that the Court used the wrong standard in denying Plaintiffs' previous Motion for Reconsideration. (Renewed Mot. Recons., Dkt. 244, at 1). Plaintiffs' instant motion focuses on a recent opinion from the U.S. Court of Appeals for the Fifth Circuit holding that district courts "abuse their discretion when, on reconsideration of a non-final order, they apply the higher standards imposed by Rule 59(e) instead of the more flexible standard provided by Rule 54(b)." (*Id.* (citing *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Defendants object. (Dkts. 246, 247).

## II. DISCUSSION

On April 14, 2017—well after the Court's September 30, 2016 order denying Plaintiffs' previous Motion for Reconsideration—the Fifth Circuit issued an opinion clarifying when courts considering motions for reconsideration should apply Federal Rule of Civil Procedure 54(b) and when they should apply Rule 59(e). *Austin*, 864 F.3d at 336. The Fifth Circuit concluded that "Rule 59(e) governs motions to alter or amend a final judgment," while "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Id.* (internal quotation marks and citations omitted). The *Austin* opinion clarified that district courts should not use Rule 59(e) to evaluate a motion for reconsideration unless the motion seeks reconsideration of a final judgment. *Id.* ("Because the district court was not asked to reconsider a judgment, the district court's denial of

2

Austin's motion to reconsider its order denying leave to file a surreply should have been considered under Rule 54(b)."). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

Despite Plaintiffs' current contention that this Court was "manifestly incorrect" in applying Rule 59(e) to their initial Motion for Reconsideration, they in fact filed that motion pursuant to Rule 59(e). (*See* Mot. Recons., Dkt. 224, at 1 ("Comes now, Plaintiffs, pursuant to Fed. R. Civ. P. 59 . . .")). Be that as it may, the Court—out of an abundance of caution—will assess Plaintiffs' Renewed Motion for Reconsideration using Rule 54(b).

The mere fact that Rule 54(b) provides for a more flexible approach to reviewing motions for reconsideration does not mean that such motions should automatically be granted. Rather, Rule 54(b)'s approach "reflect[s] the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Austin*, 864 F.3d at 336 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)). That analysis should include, for example, any subsequent evolution in the case at hand. Indeed, the *Austin* opinion itself noted that the district court, had it applied Rule 54(b), "would have had the discretion to reconsider the motion for leave to file a surreply in light of both the newly filed expert report and Austin's equitable arguments." *Id.* Here, the only relevant "evolution" in Plaintiffs' case is the late-filed consolidated Proposed Eighth Amended Complaint.[1]

---

[1] Plaintiffs' motion for leave to amend was not accompanied by a singular proposed eighth amended complaint. (Pls.' Mot. Leave File Am. Compl., Dkt. 192, at 1 n.1). Plaintiffs filed a unified proposed amended complaint only when they filed their first motion for reconsideration. (Pls.' Mot. Recons., Dkt. 224, Ex. 1). It seems unlikely that this is the type of "evolution" envisioned by the *Austin* or *Cobell* courts. *See Austin*, 864 F.3d at 328, 334, 336 (noting that the expert report mentioned by the court "was first filed with the district court in Austin's motion for reconsideration, [but] had previously been provided to Kroger about a week before Kroger filed its [no evidence] summary judgment motion").

3

Here, the Court is unconvinced that justice requires granting Plaintiffs' Motion for Reconsideration. Plaintiffs point to no evolution in the case that would warrant reconsideration, and "the power to reconsider or modify interlocutory rulings is committed to the discretion of the district court." *Id.* (quoting *Saint Annes Dev. Co. v. Trabich*, 443 F. App'x 829, 831–32 (4th Cir. 2011)). The Court sees no reason to disturb its order denying Plaintiffs leave to amend. The Court, pursuant to Federal Rule of Civil Procedure 15(a)(2), evaluated Plaintiffs' motion for leave to amend and properly concluded that it should be denied. (Order, Dkt. 214).

### III. CONCLUSION

For the reasons stated herein, and pursuant to Federal Rule of Civil Procedure 54(b), the Court **ORDERS** that Plaintiffs' Renewed Motion for Reconsideration, (Dkt. 244), is **DENIED**.

**SIGNED** on October 16, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE