IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY HALPRIN, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 5:13-CV-1042-RP |
| FEDERAL DEPOSIT INSURANCE CORPORATION, et al., | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiffs' Motion for a Rule 54(b) Certification of Final Judgment, Petition for Section 1292(b) Interlocutory Appeal, and Motion to Stay. (Mot., Dkt. 257). Responses in objection to Plaintiffs' motion were filed by Defendants Mike Maldonado, (Maldonado Resp., Dkt. 258); American Title Group, (American Title Group Resp., Dkt. 259); David Rogers, Michael McCarthy, and Robert Gandy, (Rogers/McCarthy/Gandy Resp., Dkt. 262); and the Federal Deposit Insurance Corporation ("FDIC"), (FDIC Resp., Dkt. 271). Having considered the filings, applicable law, and the case file, the Court enters the following order.

## I. OVERVIEW

This Court previously dismissed all Plaintiffs' claims against Defendants American Title Group, Dan Brown, Eric Sherer, Mike Maldonado, David Rogers, Robert Gandy, Michael McCarthy, and the FDIC (collectively, the "dismissed Defendants"). (Dkts. 220, 223, 227, 228). The Court also denied Plaintiffs' motion for leave to amend their complaint, (Dkt. 214), and motion to reconsider that order, (Dkt. 229, 253). Plaintiffs' only remaining claims are against Defendants HTH Real Property Management, Padilla Property Corporation, Mauro T. Padilla, Maria del Rosario Padilla, Mauro Joe Padilla, and Carlos Miguel Padilla (collectively, the "Padilla Defendants").

Defendant American Title Group has pending counterclaims against Plaintiffs and crossclaims against select Defendants. (American Title Group Ans., Dkt. 125, at 20–29).

Plaintiffs now ask the Court to certify certain orders—specifically, those dismissing Plaintiffs' claims against the dismissed Defendants and denying Plaintiffs' motion for leave to amend and motions for reconsideration (collectively, "the Orders")—as partial final judgments pursuant to Federal Rule of Civil Procedure 54(b), which would permit Plaintiffs to appeal those orders to the U.S. Court of Appeals for the Fifth Circuit. Plaintiffs also seek permission to file an interlocutory appeal of those orders pursuant to 28 U.S.C. § 1292(b) ("Section 1292(b)"). If granted the opportunity to appeal the orders via either avenue, Plaintiffs seek a stay of their remaining claims.

## II. DISCUSSION

*A. Rule 54(b)*

As noted above, Plaintiffs first seek certification of the Orders as partial final judgments pursuant to Federal Rule of Civil Procedure 54(b). That rule provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). In general, an order disposing of fewer than all claims or parties in an action is not an appealable final judgment unless the district court certifies entry of partial final judgment under Rule 54(b). *See, e.g.*, *DirectTV, Inc. v. Budden*, 420 F.3d 521, 524 (5th Cir. 2005). Once certified by the district court, however, "a Rule 54(b) judgment is a final decision capable of immediate appellate review." *Tolan v. Cotton*, 713 F.3d 299, 303 (5th Cir. 2013), cert granted, judgment vacated, 134 S.Ct. 1861 (2014).

Rule 54(b) motions "should not be granted routinely." *Doss v. Morris*, No. SA:11-CV-116-DAE, 2015 WL 4756294, at *1 (W.D. Tex. Aug. 11, 2015). As is evident from the text of the rule, a district court may certify an order pursuant to Rule 54(b) only if the Court determines there is no just reason for delay. *See, e.g.*, *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). The determination of whether no just reason for delay exists is "left to the sound judicial discretion of the district court." *Id.* In making this determination, courts consider "judicial administrative interests as well as the equities involved." *Id.* Multiple factors may assist in this determination, including "whether the claims under review [are] separate from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* However, "[i]t is uneconomical for an appellate court to review facts on appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties." 10 Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice & Procedure § 2659 (3d ed. 1998).

While the Court agrees with Plaintiffs that at least some of the Orders represent an ultimate disposition of the claims discussed therein, it is not satisfied that there is no just reason for delaying certification of those orders as final judgments. Plaintiffs' claims against the dismissed Defendants and the Padilla Defendants arise out of the same series of transactions and present common questions of law and fact. Moreover, Plaintiffs' claims against the Padilla Defendants will be resolved within six months, as this case is set for trial in July 2018. It would therefore be improper to certify the Orders pursuant to Rule 54(b). *Curtiss-Wright,* 446 U.S. at 8 ("It was [proper for the district court] to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated

3

. . ."); *see Caleb v. Grier*, 598 F. App'x 227, 232 (5th Cir. 2015) (noting without objection a district court's decision to refrain from entering final judgment as to certain claims because they "at least tangentially relate[d] to . . . much of the same set of facts as the dismissed claims.").

Having taken into account judicial administrative interests as well as the equities involved, including the lack of any danger of hardship or injustice to Plaintiffs that would be worked by delay, the Court **DENIES** Plaintiffs' request to certify the Orders as partial final judgments pursuant to Federal Rule of Civil Procedure 54(b).

*B. Section 1292(b)*

Section 1292(b) provides that a district court may designate an order for interlocutory appeal by issuing a written order expressing the court's opinion that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The decision to permit an interlocutory appeal under Section 1292(b) is within the district court's discretion. *See Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995).

In the instant case, Plaintiffs have failed to satisfy either prong of the burden imposed by Section 1292(b). Despite Plaintiffs' protestations otherwise, there has been no change in the law as to the pleading requirements for Plaintiffs' claims. It is also unclear how an immediate interlocutory appeal would materially advance the ultimate termination of the litigation. Plaintiffs' petition for a Section 1292(b) interlocutory appeal is therefore **DENIED**.

*C. Request for Stay*

Because the Court declines to (1) certify the Orders as judgments under Rule 54(b) or (2) certify the orders for interlocutory appeal under Section 1292(b), Plaintiffs' request for a stay is **DENIED**.

## III. CONCLUSION

Plaintiffs' Motion for a Rule 54(b) Certification of Final Judgment, Petition for Section 1292(b) Interlocutory Appeal, and Motion to Stay, (Mot., Dkt. 257), is **DENIED**.

**SIGNED** on May 3, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE