IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY HALPRIN, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § | 5:13-CV-1042-RP |
| FEDERAL DEPOSIT INSURANCE CORPORATION, et al., | § § § § § | |
| Defendants. | § | |

## ORDER

The above-entitled matter is set for a jury trial commencing next Tuesday, July 10, 2018. Claims remaining before the Court include (1) Plaintiffs' claims against Defendants HTG Real Property Management, Padilla Property Corp., Mauro T. Padilla, Maria Del Rosario Padilla, Mauro Joe Padilla, and Carlos Miguel Padilla for breach of contract, violations of the Texas Deceptive Trade Practices Act, breach of fiduciary duty, common-law fraud, statutory fraud, and conspiracy, (Seventh Am. Compl., Dkt. 124); (2) counterclaims brought by dismissed Defendant American Title Group, Inc. ("LandAmerica")[1] against Plaintiffs for contractual indemnity, statutory indemnity, and attorneys' fees and costs for groundless claims, (LandAmerica Ans., Dkt. 125); (3) LandAmerica's cross-claims against dismissed Defendant Daniel L. Brown for contractual indemnity and contribution, (*id.*); and (4) LandAmerica's crossclaims against Defendants HTG Real Property Management, Padilla Property Corp., Mauro T. Padilla, Maria Del Rosario Padilla, Mauro Joe Padilla, and Carlos Miguel Padilla and counterclaims against Plaintiffs Kennie Arriola, Hermann Kinschner, and Brian Taus for statutory indemnity and contribution, (*id.*).

---

[1] American Title Group, Inc. was formerly known as LandAmerica Lawyers Title of San Antonio, Inc.

1

Federal Rule of Civil Procedure 42 provides that a court may "order a separate trial of one or more separate issues, claims, crossclaims, or third-party claims" for a variety of reasons, including for convenience or to "expedite and economize." Fed. R. Civ. P. 42(b). Given the fundamentally different nature of Plaintiffs' remaining claims and the counterclaims and crossclaims brought by LandAmerica, the Court concludes that separate trials should be held. **IT IS THEREFORE ORDERED** that the trial set for next Tuesday, July 10, 2018, will concern only Plaintiffs' remaining claims. LandAmerica's crossclaims and counterclaims will be the subject of a separate trial, which the Court will schedule at a later date.

In light of that separation, **IT IS FURTHER ORDERED** that LandAmerica is no longer required to participate in the final pretrial conference scheduled for tomorrow, July 6, 2018.

Because LandAmerica's pending Motion for Summary Judgment, (Dkt. 264), only addresses LandAmerica's counterclaims against Plaintiffs, **IT IS FINALLY ORDERED** that LandAmerica file a written update with the Court detailing the status of its claims against all other parties.

**SIGNED** on July 5, 2018.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE